FEE PAID

James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630
Tel: (406) 890-1929
Email: jdjames.orr@gmail.com

| FILED |
| :---: |
| CLERK, U.S. DISTRICT COURT |
| 07-13-2026 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY _____ mba _____ DEPUTY |
| DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
| --- | --- |
| **JAMES D. ORR,** | Case No. 8:26-cv-01870-JVS-JDEx |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION,** | 1. Violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

1. Plaintiff James D. Orr brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), against Consumer Reporting Agencies Experian, Equifax, and TransUnion, and Furnishers JPMorgan Chase Bank, N.A., and Bank of America Corporation. Defendants willfully and negligently failed to conduct reasonable reinvestigations of disputed information, failed to maintain maximum possible accuracy, and engaged in a deceptive "shell game" of bouncing disputed accounts between third-party collectors and the original furnishers to evade their statutory duties, resulting in severe financial and emotional harm to Plaintiff, including the denial of credit from BMW Financial Services, American Express, and others, and causing Plaintiff such severe psychological injury that he was compelled to take a stress-related medical leave of absence from employment.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p (FCRA jurisdiction).

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants conduct substantial business in this District.

## PARTIES

4. Plaintiff James D. Orr is a natural person residing in Cypress, California, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency" (CRA) as defined by 15 U.S.C. § 1681a(f), doing business in California.

6. Defendant Equifax Information Services LLC ("Equifax") is a CRA as defined by 15 U.S.C. § 1681a(f), doing business in California.

7. Defendant TransUnion Risk and Alternative Data Solutions, Inc. ("TransUnion") is a CRA as defined by 15 U.S.C. § 1681a(f), doing business in California.

8. Defendant JPMorgan Chase Bank, National Association ("Chase") is a national banking association and a furnisher of information to CRAs under 15 U.S.C. § 1681s-2.

9. Defendant Bank of America Corporation ("Bank of America") is a national banking association and a furnisher of information to CRAs under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

### A. The Inaccurate Reporting

10. Defendants Experian, Equifax, and TransUnion published consumer reports concerning Plaintiff containing materially inaccurate and misleading information regarding accounts allegedly owned by Chase and Bank of America.

11. The inaccuracies included, but were not limited to: duplicate charged-off tradelines for Chase accounts; conflicting high balance and credit limit reporting; the unlawful advancement of "past due" status on accounts already charged off; failure to report the accurate Date of First Delinquency; and reporting closed accounts as actively past due.

### B. Plaintiff's Disputes and the CRAs' Failures

12. On or about January 7, 2026, Plaintiff submitted detailed, written disputes to Experian, Equifax, and TransUnion via certified mail, explicitly identifying the data-field inaccuracies and requesting a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i.

13. Experian (Confirmation No. 6024526379) marked its investigation "Completed" on February 5, 2026. However, Experian failed to conduct a reasonable reinvestigation. Instead of correcting or deleting the inaccurate data, Experian merely updated balance reporting dates and unlawfully advanced the "past due as of" dates, leaving the material inaccuracies intact.

14. Equifax and TransUnion received Plaintiff's disputes but failed to provide lawful written notice of reinvestigation results within the statutory timeframe, and failed to correct the inaccurate reporting.

15. On March 7, 2026, Plaintiff sent a Second Notice of Deficient Reinvestigation to the CRAs. The CRAs again failed to conduct a reasonable reinvestigation or delete the unverified information.

### C. Chase's Willful Shell Game and Failure to Investigate

16. Between July and September 2025, United Collection Bureau, Inc. ("UCB") sent Plaintiff multiple collection letters regarding three Chase accounts (ending in 4440, 8063, and 8246). The letters explicitly stated UCB was collecting "on behalf of JPMorgan Chase Bank, N.A."

17. After Plaintiff formally challenged the debt, UCB ceased communications. However, Chase did not verify the debt or correct its reporting. Instead, Chase simply pulled the account back from UCB and resumed direct collection efforts—sending settlement offers directly to Plaintiff for the exact same accounts—while continuing to verify the inaccurate tradelines to the CRAs.

18. Upon receiving notice of Plaintiff's disputes from the CRAs, Chase failed to conduct a reasonable investigation of its own records, failed to review all relevant information provided by the CRAs, and willfully continued to report the accounts as verified despite knowing the data was disputed and inaccurate.

### D. Bank of America's Willful Shell Game and Failure to Investigate

19. Similarly, Bank of America engaged in a deceptive servicing shell game. On January 16, 2026, Bank of America emailed Plaintiff stating that "moving forward, Sunrise Credit Services, Inc. will be servicing your account" while insisting Plaintiff was "still responsible for paying the outstanding balance."

20. This confirms Bank of America retained ownership of the debt. Yet, upon receiving notice of Plaintiff's disputes from the CRAs, Bank of America failed to conduct a reasonable investigation, failed to correct the reporting errors, and continued to verify the inaccurate tradelines to the CRAs.

### E. CFPB Complaints and Defendants' Inadequate Responses

21. In or around February and March 2026, Plaintiff filed formal complaints with the Consumer Financial Protection Bureau ("CFPB") against Experian, Equifax, and TransUnion regarding the same inaccurate tradelines at issue in this action.

22. On or about March 26, 2026, Equifax responded to the CFPB complaint. Rather than deleting or correcting the inaccurate information, Equifax merely stated that Bank of America "has verified to our company that the current status is being reported correctly" and that JPMorgan Chase Card

Services accounts "have been updated" with modified fields. Equifax closed the complaint as "non-monetary relief" without deleting the disputed tradelines.

23. On or about March 30, 2026, TransUnion responded to the CFPB complaint, acknowledging the JPMCB Card Services and Bank of America accounts as "Active Dispute," and noting only that one JPMCB Card Services account was "Deleted." The remaining disputed accounts were left intact and continued to be reported inaccurately.

24. These CFPB responses confirm that Defendants were on actual notice of the disputed inaccuracies through multiple independent channels—direct certified mail disputes, CFPB complaints, and Round 2 deficiency notices—and yet continued to report the inaccurate information. This pattern of conduct across multiple dispute channels demonstrates willful non-compliance with the FCRA.

### F. Damages

25. As a direct and proximate result of Defendants' willful and negligent FCRA violations, Plaintiff suffered actual damages, including but not limited to:

a. Denial of credit from BMW Financial Services on or about May 26, 2026, specifically citing the TransUnion report and "Serious delinquency" and "Amount owed on revolving accounts is too high."

b. Adverse actions and credit limit reductions from American Express and Capital One.

c. Denial of the Bilt Palladium Card due to "Too many delinquent or derogatory accounts" and "Balances on bankcards are too high."

d. Severe and debilitating emotional distress, anxiety, depression, and mental anguish of such magnitude that Plaintiff was compelled to take a stress-related medical leave of absence from his employment. This leave resulted in a direct and quantifiable loss of income and wages during the period of absence.

e. Medical and mental health treatment costs incurred as a direct result of the stress, anxiety, and psychological harm caused by Defendants' ongoing refusal to correct the inaccurate reporting despite Plaintiff's repeated disputes.

f. Reputational harm, loss of creditworthiness, and the expenditure of significant time and out-of-pocket costs attempting to correct Defendants' errors over a period of more than twelve months.

## CAUSES OF ACTION

### COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681i

### (Against Experian, Equifax, and TransUnion)

26. Plaintiff incorporates all preceding paragraphs.

27. The CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, and by failing to delete or modify information that was found to be inaccurate or could not be verified.

28. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or in the alternative, negligent under 15 U.S.C. § 1681o.

## COUNT II

## Violations of the FCRA, 15 U.S.C. § 1681e(b)

## (Against Experian, Equifax, and TransUnion)

29. Plaintiff incorporates all preceding paragraphs.

30. The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when preparing consumer reports.

31. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or in the alternative, negligent under 15 U.S.C. § 1681o.

## COUNT III

## Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

## (Against Chase and Bank of America)

32. Plaintiff incorporates all preceding paragraphs.

33. Chase and Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information after receiving notice of the disputes from the CRAs.

34. Chase and Bank of America failed to review all relevant information provided by the CRAs, failed to report the results of the investigation accurately, and failed to modify, delete, or permanently block the reporting of inaccurate information.

35. The Furnishers' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or in the alternative, negligent under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Award actual damages in an amount to be proven at trial;

B. Award statutory damages pursuant to 15 U.S.C. § 1681n;

C. Award punitive damages pursuant to 15 U.S.C. § 1681n;

D. Award costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

E. Award pre-judgment and post-judgment interest as allowed by law; and

F. Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*James D. Orr*

_____

James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630

## VERIFICATION

I, James D. Orr, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the foregoing action, that I have read the foregoing Verified Complaint for Damages, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed this 14 da̲y̲ of ___July___, 2026, in Cypress, California.

*James D. Orr*

James D. Orr

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION

James D. Orr,

Plaintiff,

v.

Experian Information Solutions, Inc.; Equifax Information Services LLC; TransUnion LLC; JPMorgan Chase Bank, National Association; and Bank of America, N.A.,

Defendants.

## ATTACHMENT — FULL LIST OF DEFENDANTS

*This attachment is incorporated by reference into the Civil Cover Sheet (Form CV-71) filed herewith. All five defendants are named in the accompanying Verified Complaint.*

### DEFENDANT 1: EXPERIAN INFORMATION SOLUTIONS, INC.

| | |
|---|---|
| **Type:** | Consumer Reporting Agency |
| **Organization:** | Ohio domestic corporation; foreign-qualified in California |
| **Principal Address:** | 475 Anton Blvd, Costa Mesa, CA 92626 |
| **Registered Agent (California):** | C T Corporation System |
| **Service Address:** | 330 N. Brand Blvd, Suite 700 Glendale, CA 91203 |
| **Role in Case:** | One of the three major consumer reporting agencies. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputed tradelines and failed to maintain maximum possible accuracy in Plaintiff's consumer report, in violation of 15 U.S.C. §§ 1681e(b) and 1681i. |

### DEFENDANT 2: EQUIFAX INFORMATION SERVICES LLC

| | |
|---|---|
| **Type:** | Consumer Reporting Agency |
| **Organization:** | Georgia limited liability company; foreign-qualified in California |
| **Principal Address:** | 1550 Peachtree Street NW, Atlanta, GA 30309 |
| **Registered Agent (California):** | Corporation Service Company |

| Service Address: | 2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
|---|---|
| Role in Case: | One of the three major consumer reporting agencies. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputed tradelines and failed to maintain maximum possible accuracy in Plaintiff's consumer report, in violation of 15 U.S.C. §§ 1681e(b) and 1681i. |

### DEFENDANT 3: TRANSUNION LLC

| Type: | Consumer Reporting Agency |
|---|---|
| Organization: | Delaware limited liability company; foreign-qualified in California |
| Principal Address: | 555 W. Adams Street, Chicago, IL 60661 |
| Registered Agent (California): | Corporation Service Company |
| Service Address: | 2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Role in Case: | One of the three major consumer reporting agencies. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputed tradelines and failed to maintain maximum possible accuracy in Plaintiff's consumer report, in violation of 15 U.S.C. §§ 1681e(b) and 1681i. |

### DEFENDANT 4: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

| Type: | Furnisher of Information |
|---|---|
| Organization: | National banking association; federally chartered |
| Principal Address: | 270 Park Avenue, New York, NY 10017 |
| Registered Agent (California): | C T Corporation System |
| Service Address: | 330 N. Brand Blvd, Suite 700<br>Glendale, CA 91203 |
| Role in Case: | Furnisher of consumer credit information. Defendant continued to furnish inaccurate and unverifiable charged-off tradeline information to the consumer reporting agencies after receiving notice of Plaintiff's disputes, in violation of 15 U.S.C. § 1681s-2(b). |

### DEFENDANT 5: BANK OF AMERICA, N.A.

| Type: | Furnisher of Information |
|---|---|
| Organization: | National banking association; federally chartered |
| Principal Address: | 100 North Tryon Street, Charlotte, NC 28255 |

| | |
|---|---|
| **Registered Agent (California):** | C T Corporation System |
| **Service Address:** | 330 N. Brand Blvd, Suite 700<br>Glendale, CA 91203 |
| **Role in Case:** | Furnisher of consumer credit information. Defendant continued to furnish inaccurate and unverifiable charged-off tradeline information to the consumer reporting agencies after receiving notice of Plaintiff's disputes, in violation of 15 U.S.C. § 1681s-2(b). |

*Note on Registered Agent Addresses:* CT Corporation System and Corporation Service Company addresses are confirmed as of July 2026. Verify current addresses immediately before dispatching a process server, as registered agent offices may update their internal routing without amending state filings.

Respectfully submitted,

_____

James D. Orr, Pro Se Plaintiff
4880 Ariano Drive
Cypress, CA 90630
(406) 890-1929
jdjames.orr@gmail.com