James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630
Tel.: (406) 890-1929
Email: jdjames.orr@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
08/14/2026
CENTRAL DISTRICT OF CALIFORNIA
BY bom DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES D. ORR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,**<br><br>*Defendants.* | **Case No. 8:26-cv-01870-DOC-JDE**<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.<br><br>2. Demand for Jury Trial |

# INTRODUCTION

1. Plaintiff James D. Orr brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), against consumer reporting agencies Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC (collectively, the "CRAs"), and furnishers JPMorgan Chase Bank, National Association and Bank of America, N.A. (collectively, the "Furnishers"). Defendants willfully and negligently failed to conduct reasonable reinvestigations of disputed information, failed to maintain maximum possible accuracy, and engaged in a deceptive pattern of bouncing disputed accounts between third-party collectors and original furnishers to evade their statutory duties. That conduct caused

severe financial and emotional harm to Plaintiff, including credit denials and adverse credit actions.

2. This First Amended Complaint is filed before service of process on any defendant. It supersedes the original complaint and corrects the legal identities of the TransUnion and Bank of America defendants so that the caption, the party allegations, the summonses, and the supporting dispute evidence are consistent.

# JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants conduct substantial business in this District.

# PARTIES

1. Plaintiff James D. Orr is a natural person residing in Cypress, California, and is a “consumer” as defined by 15 U.S.C. § 1681a©.
2. Defendant Experian Information Solutions, Inc. (“Experian”) is a consumer reporting agency (“CRA”) as defined by 15 U.S.C. § 1681a(f) and does business in California.
3. Defendant Equifax Information Services LLC (“Equifax”) is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California.
4. Defendant TransUnion LLC (“TransUnion”) is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California. Plaintiff directed his January 7, 2026 written FCRA dispute to TransUnion LLC concerning his TransUnion consumer credit report.
5. Defendant JPMorgan Chase Bank, National Association (“Chase”) is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2.
6. Defendant Bank of America, N.A. (“Bank of America”) is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2. The disputed Bank of America item is a revolving account reported on Plaintiff’s consumer reports.

# FACTUAL ALLEGATIONS

## A. The Inaccurate Reporting

1. Experian, Equifax, and TransUnion published consumer reports concerning Plaintiff that contained materially inaccurate and misleading information regarding accounts allegedly owned by Chase and Bank of America.
2. The inaccuracies included, but were not limited to, duplicate charged-off tradelines for Chase accounts; conflicting high-balance and credit-limit reporting; the unlawful advancement of "past due" status on accounts already charged off; failure to report the accurate date of first delinquency; and reporting closed accounts as actively past due.

## B. Plaintiff's Disputes and the CRAs' Failures

1. On or about January 7, 2026, Plaintiff submitted detailed written disputes to Experian, Equifax, and TransUnion by certified mail. The disputes explicitly identified data-field inaccuracies and requested reasonable reinvestigations under 15 U.S.C. § 1681i.
2. Experian, using confirmation number 6024526379, marked its investigation "Completed" on February 5, 2026. Experian nevertheless failed to conduct a reasonable reinvestigation. Rather than correcting or deleting the inaccurate data, Experian merely updated balance-reporting dates and advanced "past due as of" dates, leaving material inaccuracies intact.
3. Equifax and TransUnion received Plaintiff's disputes but failed to provide lawful written notice of reinvestigation results within the statutory timeframe and failed to correct the inaccurate reporting.
4. On or about March 7, 2026, Plaintiff sent a Second Notice of Deficient Reinvestigation to the CRAs. The CRAs again failed to conduct reasonable reinvestigations or delete the unverified information.

## C. Chase's Failure to Investigate

1. Between July and September 2025, United Collection Bureau, Inc. ("UCB") sent Plaintiff multiple collection letters regarding three Chase accounts ending in 4440, 8063, and 8246. The letters stated that UCB was collecting on behalf of JPMorgan Chase Bank, N.A.

2. After Plaintiff formally challenged the debts, UCB ceased communications. Chase did not verify the debt or correct its reporting. Instead, Chase resumed direct collection efforts and sent settlement offers concerning the same accounts while continuing to verify the disputed tradelines to the CRAs.

3. After receiving notice of Plaintiff's disputes from the CRAs, Chase failed to conduct a reasonable investigation of its records, failed to review all relevant information provided by the CRAs, and continued to report the accounts as verified despite knowing that Plaintiff disputed their accuracy.

## D. Bank of America's Failure to Investigate

1. Bank of America used a third-party collection or servicing arrangement relating to Plaintiff's disputed account. On or about January 16, 2026, Bank of America advised Plaintiff by email that Sunrise Credit Services, Inc. would be servicing the account while maintaining that Plaintiff remained responsible for the alleged balance.

2. Plaintiff thereafter received collection activity from Sunrise concerning the same alleged obligation while Bank of America continued to report the item as a charged-off Bank of America debt rather than a collection account. Plaintiff's March 7, 2026 direct dispute to Bank of America requested an investigation of the reporting and documentation concerning any sale, assignment, transfer, or servicing authority involving Sunrise.

3. After Bank of America received notice of Plaintiff's disputes from the CRAs, Bank of America failed to conduct a reasonable investigation, failed to correct the reporting errors, and continued to verify the inaccurate tradeline.

## E. CFPB Complaints and Defendants' Inadequate Responses

1. In or around February and March 2026, Plaintiff filed complaints with the Consumer Financial Protection Bureau ("CFPB") against Experian, Equifax, and TransUnion concerning the same inaccurate tradelines at issue in this action.

2. On or about March 26, 2026, Equifax responded to the CFPB complaint. Rather than deleting or correcting the inaccurate information, Equifax stated that Bank of America had verified that the current status was being reported correctly and that JPMorgan Chase Card Services accounts had been updated with modified fields. Equifax closed the complaint as "non-monetary relief" without deleting the disputed tradelines.

3. On or about March 30, 2026, TransUnion responded to the CFPB complaint, acknowledged JPMCB Card Services and Bank of America accounts as “Active Dispute,” and noted only that one JPMCB Card Services account was deleted. The remaining disputed accounts were left intact and continued to be reported inaccurately.

4. These CFPB responses confirm that Defendants had actual notice of the disputed inaccuracies through multiple channels, including direct certified-mail disputes, CFPB complaints, and second-round deficiency notices. Despite that notice, Defendants continued to report inaccurate information.

## F. Damages

1. As a direct and proximate result of Defendants’ willful and negligent FCRA violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit from BMW Financial Services on or about May 26, 2026, specifically citing the TransUnion report and “Serious delinquency” and “Amount owed on revolving accounts is too high”;

b. Adverse actions and credit-limit reductions from American Express and Capital One;

c. Denial of the Bilt Palladium Card due to “Too many delinquent or derogatory accounts” and “Balances on bankcards are too high”;

d. Severe emotional distress, anxiety, depression, and mental anguish that contributed to Plaintiff taking stress-related medical leave from employment, with resulting lost income and wages;

e. Medical and mental-health treatment costs incurred as a direct result of the stress, anxiety, and psychological harm caused by Defendants’ continued refusal to correct the reporting; and

f. Reputational harm, loss of creditworthiness, and significant time and out-of-pocket costs incurred in attempting to correct the errors.

# CAUSES OF ACTION

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681i

### (Against Experian, Equifax, and TransUnion)

1. Plaintiff incorporates by reference paragraphs 1 through 27.
2. The CRAs violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations to determine whether the disputed information was inaccurate and by failing to delete or modify information found to be inaccurate or that could not be verified.
3. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

## COUNT II

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

### (Against Experian, Equifax, and TransUnion)

1. Plaintiff incorporates by reference paragraphs 1 through 30.
2. The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff when preparing consumer reports.
3. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

### COUNT III

### Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

### (Against Chase and Bank of America)

1. Plaintiff incorporates by reference paragraphs 1 through 33.
2. After receiving notice of the disputes from the CRAs, Chase and Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the disputed information.
3. Chase and Bank of America failed to review all relevant information provided by the CRAs, failed to report the results of their investigations accurately, and failed to modify, delete, or permanently block reporting of inaccurate information.
4. The Furnishers' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. Award actual damages in an amount to be proven at trial;

B. Award statutory damages under 15 U.S.C. § 1681n;

C. Award punitive damages under 15 U.S.C. § 1681n;

D. Award costs of litigation and reasonable attorney's fees under 15 U.S.C. §§ 1681n and 1681o;

E. Award pre-judgment and post-judgment interest as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 14, 2026

---

James D. Orr, Pro Se

# VERIFICATION

I, James D. Orr, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action; that I have read this First Amended Verified Complaint for Damages; and that the factual allegations contained in it are true and correct to the best of my knowledge, information, and belief.

Executed on August 14th, 2026, in Cypress, California.

---

James D. Orr

James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630
Tel.: (406) 890-1929
Email: jdjames.orr@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES D. ORR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,**<br><br>*Defendants.* | **Case No. 8:26-cv-01870-DOC-JDE**<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.<br><br>2. Demand for Jury Trial |

# INTRODUCTION

1. Plaintiff James D. Orr brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), against consumer reporting agencies Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC (collectively, the "CRAs"), and furnishers JPMorgan Chase Bank, National Association and Bank of America, N.A. (collectively, the "Furnishers"). Defendants willfully and negligently failed to conduct reasonable reinvestigations of disputed information, failed to maintain maximum possible accuracy, and engaged in a deceptive pattern of bouncing disputed accounts between third-party collectors and original furnishers to evade their statutory duties. That conduct caused

severe financial and emotional harm to Plaintiff, including credit denials and adverse credit actions.

2. This First Amended Complaint is filed before service of process on any defendant. It supersedes the original complaint and corrects the legal identities of the TransUnion and Bank of America defendants so that the caption, the party allegations, the summonses, and the supporting dispute evidence are consistent.

# JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants conduct substantial business in this District.

# PARTIES

1. Plaintiff James D. Orr is a natural person residing in Cypress, California, and is a "consumer" as defined by 15 U.S.C. § 1681a©.
2. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f) and does business in California.
3. Defendant Equifax Information Services LLC ("Equifax") is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California.
4. Defendant TransUnion LLC ("TransUnion") is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California. Plaintiff directed his January 7, 2026 written FCRA dispute to TransUnion LLC concerning his TransUnion consumer credit report.
5. Defendant JPMorgan Chase Bank, National Association ("Chase") is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2.
6. Defendant Bank of America, N.A. ("Bank of America") is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2. The disputed Bank of America item is a revolving account reported on Plaintiff's consumer reports.

# FACTUAL ALLEGATIONS

## A. The Inaccurate Reporting

1. Experian, Equifax, and TransUnion published consumer reports concerning Plaintiff that contained materially inaccurate and misleading information regarding accounts allegedly owned by Chase and Bank of America.
2. The inaccuracies included, but were not limited to, duplicate charged-off tradelines for Chase accounts; conflicting high-balance and credit-limit reporting; the unlawful advancement of "past due" status on accounts already charged off; failure to report the accurate date of first delinquency; and reporting closed accounts as actively past due.

## B. Plaintiff's Disputes and the CRAs' Failures

1. On or about January 7, 2026, Plaintiff submitted detailed written disputes to Experian, Equifax, and TransUnion by certified mail. The disputes explicitly identified data-field inaccuracies and requested reasonable reinvestigations under 15 U.S.C. § 1681i.
2. Experian, using confirmation number 6024526379, marked its investigation "Completed" on February 5, 2026. Experian nevertheless failed to conduct a reasonable reinvestigation. Rather than correcting or deleting the inaccurate data, Experian merely updated balance-reporting dates and advanced "past due as of" dates, leaving material inaccuracies intact.
3. Equifax and TransUnion received Plaintiff's disputes but failed to provide lawful written notice of reinvestigation results within the statutory timeframe and failed to correct the inaccurate reporting.
4. On or about March 7, 2026, Plaintiff sent a Second Notice of Deficient Reinvestigation to the CRAs. The CRAs again failed to conduct reasonable reinvestigations or delete the unverified information.

## C. Chase's Failure to Investigate

1. Between July and September 2025, United Collection Bureau, Inc. ("UCB") sent Plaintiff multiple collection letters regarding three Chase accounts ending in 4440, 8063, and 8246. The letters stated that UCB was collecting on behalf of JPMorgan Chase Bank, N.A.

2. After Plaintiff formally challenged the debts, UCB ceased communications. Chase did not verify the debt or correct its reporting. Instead, Chase resumed direct collection efforts and sent settlement offers concerning the same accounts while continuing to verify the disputed tradelines to the CRAs.

3. After receiving notice of Plaintiff's disputes from the CRAs, Chase failed to conduct a reasonable investigation of its records, failed to review all relevant information provided by the CRAs, and continued to report the accounts as verified despite knowing that Plaintiff disputed their accuracy.

## D. Bank of America's Failure to Investigate

1. Bank of America used a third-party collection or servicing arrangement relating to Plaintiff's disputed account. On or about January 16, 2026, Bank of America advised Plaintiff by email that Sunrise Credit Services, Inc. would be servicing the account while maintaining that Plaintiff remained responsible for the alleged balance.

2. Plaintiff thereafter received collection activity from Sunrise concerning the same alleged obligation while Bank of America continued to report the item as a charged-off Bank of America debt rather than a collection account. Plaintiff's March 7, 2026 direct dispute to Bank of America requested an investigation of the reporting and documentation concerning any sale, assignment, transfer, or servicing authority involving Sunrise.

3. After Bank of America received notice of Plaintiff's disputes from the CRAs, Bank of America failed to conduct a reasonable investigation, failed to correct the reporting errors, and continued to verify the inaccurate tradeline.

## E. CFPB Complaints and Defendants' Inadequate Responses

1. In or around February and March 2026, Plaintiff filed complaints with the Consumer Financial Protection Bureau ("CFPB") against Experian, Equifax, and TransUnion concerning the same inaccurate tradelines at issue in this action.

2. On or about March 26, 2026, Equifax responded to the CFPB complaint. Rather than deleting or correcting the inaccurate information, Equifax stated that Bank of America had verified that the current status was being reported correctly and that JPMorgan Chase Card Services accounts had been updated with modified fields. Equifax closed the complaint as "non-monetary relief" without deleting the disputed tradelines.

3. On or about March 30, 2026, TransUnion responded to the CFPB complaint, acknowledged JPMCB Card Services and Bank of America accounts as "Active Dispute," and noted only that one JPMCB Card Services account was deleted. The remaining disputed accounts were left intact and continued to be reported inaccurately.

4. These CFPB responses confirm that Defendants had actual notice of the disputed inaccuracies through multiple channels, including direct certified-mail disputes, CFPB complaints, and second-round deficiency notices. Despite that notice, Defendants continued to report inaccurate information.

## F. Damages

1. As a direct and proximate result of Defendants' willful and negligent FCRA violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit from BMW Financial Services on or about May 26, 2026, specifically citing the TransUnion report and "Serious delinquency" and "Amount owed on revolving accounts is too high";

b. Adverse actions and credit-limit reductions from American Express and Capital One;

c. Denial of the Bilt Palladium Card due to "Too many delinquent or derogatory accounts" and "Balances on bankcards are too high";

d. Severe emotional distress, anxiety, depression, and mental anguish that contributed to Plaintiff taking stress-related medical leave from employment, with resulting lost income and wages;

e. Medical and mental-health treatment costs incurred as a direct result of the stress, anxiety, and psychological harm caused by Defendants' continued refusal to correct the reporting; and

f. Reputational harm, loss of creditworthiness, and significant time and out-of-pocket costs incurred in attempting to correct the errors.

# CAUSES OF ACTION

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681i

### (Against Experian, Equifax, and TransUnion)

1. Plaintiff incorporates by reference paragraphs 1 through 27.
2. The CRAs violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations to determine whether the disputed information was inaccurate and by failing to delete or modify information found to be inaccurate or that could not be verified.
3. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

## COUNT II

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

### (Against Experian, Equifax, and TransUnion)

1. Plaintiff incorporates by reference paragraphs 1 through 30.
2. The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff when preparing consumer reports.
3. The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

## COUNT III

### Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

### (Against Chase and Bank of America)

1. Plaintiff incorporates by reference paragraphs 1 through 33.
2. After receiving notice of the disputes from the CRAs, Chase and Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the disputed information.
3. Chase and Bank of America failed to review all relevant information provided by the CRAs, failed to report the results of their investigations accurately, and failed to modify, delete, or permanently block reporting of inaccurate information.
4. The Furnishers' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. Award actual damages in an amount to be proven at trial;

B. Award statutory damages under 15 U.S.C. § 1681n;

C. Award punitive damages under 15 U.S.C. § 1681n;

D. Award costs of litigation and reasonable attorney's fees under 15 U.S.C. §§ 1681n and 1681o;

E. Award pre-judgment and post-judgment interest as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 14, 2026

---

James D. Orr, Pro Se

# VERIFICATION

I, James D. Orr, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action; that I have read this First Amended Verified Complaint for Damages; and that the factual allegations contained in it are true and correct to the best of my knowledge, information, and belief.

Executed on August 14th, 2026, in Cypress, California.

---

James D. Orr