AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the Central District of California

**JAMES D. ORR,**

*Plaintiff(s)*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
see attached

*Defendant(s)*

Civil Action No. 8:26-cv-01870-DOC-JDE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company, Registered Agent
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630
Tel.: (406) 890-1929
Email: jdjames.orr@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: August 24, 2026

Maria Barr

*Signature of Clerk or Deputy Clerk*

Civil Action No. 8:26-cv-01870-DOC-JDE

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

James D. Orr (Pro Se)
4880 Ariano Drive
Cypress, CA 90630
Tel.: (406) 890-1929
Email: jdjames.orr@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES D. ORR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,**<br><br>*Defendants.* | **Case No. 8:26-cv-01870-DOC-JDE**<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.<br><br>2. Demand for Jury Trial |

# INTRODUCTION

1. Plaintiff James D. Orr brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (“FCRA”), against consumer reporting agencies Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC (collectively, the “CRAs”), and furnishers JPMorgan Chase Bank, National Association and Bank of America, N.A. (collectively, the “Furnishers”). Defendants willfully and negligently failed to conduct reasonable reinvestigations of disputed information, failed to maintain maximum possible accuracy, and engaged in a deceptive pattern of bouncing disputed accounts between third-party collectors and original furnishers to evade their statutory duties. That conduct caused