Jennifer M. Phelps, Esq. (SBN: 210746)
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 620
Email: jennifer.phelps@qslwm.com

Attorneys for Defendant
TRANS UNION LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D. ORR,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.;<br><br>Defendants. | Case No.: 8:26-cv-01870-DOC-JDE<br><br>Honorable David O. Carter<br><br>**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEFENSES** |

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**INTRODUCTION**

1. Plaintiff James D. Orr brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), against consumer reporting. agencies Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC (collectively, the "CRAs"), and furnishers JPMorgan Chase Bank, National Association and Bank of America, N.A. (collectively, the "Furnishers"). Defendants willfully and negligently failed to conduct reasonable reinvestigations of disputed information, failed to maintain maximum possible accuracy, and engaged in a deceptive pattern of bouncing disputed accounts between third-party collectors and original furnishers to evade their statutory duties. That conduct caused severe financial and emotional harm to Plaintiff, including credit denials and adverse credit actions.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. This First Amended Complaint is filed before service of process on any defendant. It supersedes the original complaint and corrects the legal identities of the TransUnion and Bank of America defendants so that the caption, the party allegations, the summonses, and the supporting dispute evidence are consistent.

**<u>ANSWER</u>**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**<u>ANSWER</u>**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants conduct substantial business in this District.

**<u>ANSWER</u>**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

5. Plaintiff James D. Orr is a natural person residing in Cypress, California, and is a "consumer' as defined by 15 U.S.C. § 1681a(c).

**<u>ANSWER</u>**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f) and does business in California.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3. Defendant Equifax Information Services LLC ("Equifax") is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant Trans Union Risk and Alternative Data Solutions, Inc. ("TransUnion") is a CRA as defined by 15 U.S.C. § 1681a(f) and does business in California. Plaintiff directed his January 7, 2026 written FCRA dispute to TransUnion LLC concerning his TransUnion consumer credit report.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union admits that it is a “consumer reporting agency” as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant JPMorgan Chase Bank, National Association ("Chase") is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Bank of America, N.A. ("Bank of America") is a national banking association and a furnisher of information to CRAs within the meaning of 15 U.S.C. § 1681s-2. The disputed Bank of America item is a revolving account reported on Plaintiff's consumer reports.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**FACTUAL ALLEGATIONS**

**A. The Inaccurate Reporting**

7. [sic] Experian, Equifax, and TransUnion published consumer reports concerning Plaintiff that contained materially inaccurate and misleading information regarding accounts allegedly owned by Chase and Bank of America.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8. [sic] The inaccuracies included, but were not limited to, duplicate charged-off tradelines for Chase accounts; conflicting high-balance and credit-limit reporting; the unlawful advancement of "past due" status on accounts already charged off; failure to report the accurate date of first delinquency; and reporting closed accounts as actively past due.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**B. Plaintiff's Disputes and the CRAs' Failures**

9. [sic] On or about January 7, 2026, Plaintiff submitted detailed written disputes to Experian, Equifax, and TransUnion by certified mail. The disputes explicitly identified data-field inaccuracies and requested reasonable reinvestigations under 15 U.S.C. § 16811.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states

that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10. [sic] Experian, using confirmation number 6024526379, marked its investigation "Completed" on February 5, 2026. Experian nevertheless failed to conduct a reasonable reinvestigation. Rather than correcting or deleting the inaccurate data, Experian merely updated balance-. reporting dates and advanced "past due as of" dates, leaving material inaccuracies intact.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. [sic] Equifax and TransUnion received Plaintiff's disputes but failed to provide lawful written notice of reinvestigation results within the statutory timeframe and failed to correct the inaccurate reporting.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

12. [sic] On or about March 7, 2026, Plaintiff sent a Second Notice of Deficient Reinvestigation to the CRAs. The CRAs again failed to conduct reasonable reinvestigations or delete the unverified information.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**C. Chase's Failure to Investigate**

13. [sic] Between July and September 2025, United Collection Bureau, Inc. ("UCB") sent Plaintiff multiple collection letters regarding three Chase accounts ending in 4440, 8063, and 8246. The letters stated that UCB was collecting on behalf of JPMorgan Chase Bank, N.A.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. [sic] After Plaintiff formally challenged the debts, UCB ceased communications. Chase did not verify the debt or correct its reporting. Instead, Chase resumed direct collection efforts and sent settlement offers concerning the same accounts while continuing to verify the disputed tradelines to the CRAs.

**<u>ANSWER</u>**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. [sic] After receiving notice of Plaintiff's disputes from the CRAs, Chase failed to conduct a reasonable investigation of its records, failed to review all relevant information provided by the CRAs, and continued to report the accounts as verified despite knowing that Plaintiff disputed their accuracy.

**<u>ANSWER</u>**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**D. Bank of America's Failure to Investigate**

16. [sic] Bank of America used a third-party collection or servicing arrangement relating to Plaintiff's disputed account. On or about January 16, 2026, Bank of America advised Plaintiff by email that Sunrise Credit Services, Inc. would be servicing the account while maintaining that Plaintiff remained responsible for the alleged balance.

**<u>ANSWER</u>**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. [sic] Plaintiff thereafter received collection activity from Sunrise concerning the same alleged obligation while Bank of America continued to report the item as a charged-off Bank of America debt rather than a collection account. Plaintiff's March 7, 2026 direct dispute to Bank of America requested an investigation of the reporting and documentation concerning any sale, assignment, transfer, or servicing authority involving Sunrise.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. [sic] After Bank of America received notice of Plaintiff's disputes from the CRAs, Bank of America failed to conduct a reasonable investigation, failed to correct the reporting errors, and continued to verify the inaccurate tradeline.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**E. CFPB Complaints and Defendants' Inadequate Responses**

19. [sic] In or around February and March 2026, Plaintiff filed complaints with the Consumer Financial Protection Bureau ("CFPB") against Experian,

Equifax, and TransUnion concerning the same inaccurate tradelines at issue in this action.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. [sic] On or about March 26, 2026, Equifax responded to the CFPB complaint. Rather than deleting or correcting the inaccurate information, Equifax stated that Bank of America had verified that the current status was being reported correctly and that JPMorgan Chase Card Services accounts had been updated with modified fields. Equifax closed the complaint as "non-monetary relief' without deleting the disputed tradelines.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. [sic] On or about March 30, 2026, TransUnion responded to the CFPB complaint, acknowledged JPMCB Card Services and Bank of America accounts as "Active Dispute," and noted only that one JPMCB Card Services account was

deleted. The remaining disputed accounts were left intact and continued to be reported inaccurately.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. [sic] These CFPB responses confirm that Defendants had actual notice of the disputed inaccuracies through multiple channels, including direct certified-mail disputes, CFPB complaints, and second-round deficiency notices. Despite that notice, Defendants continued to report inaccurate information.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**F. Damages**

23. [sic] As a direct and proximate result of Defendants' willful and negligent FCRA violations, Plaintiff suffered actual damages, including, but not limited to:

a. Denial of credit from BMW Financial Services on or about May 26, 2026, specifically citing the TransUnion report and "Serious delinquency" and "Amount owed on revolving accounts is too high"'

b. Adverse actions and credit-limit reductions from American Express and Capital One;

c. Denial of the Bilt Palladium Card due to "Too many delinquent or derogatory accounts" and "Balances on bankcards are too high";

d. Severe emotional distress, anxiety, depression, and mental anguish that contributed to Plaintiff taking stress-related medical leave from employment, with resulting lost income and wages;

e. Medical and mental-health treatment costs incurred as a direct result of the stress, anxiety, and psychological harm caused by Defendants' continued refusal to correct the reporting; and

f. Reputational harm, loss of creditworthiness, and significant time and out-of-pocket costs incurred in attempting to correct the errors.

**ANSWER**: Trans Union denies the allegations of this paragraph, including its subparts, as they apply to Trans Union. Trans Union denies that the remaining

statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CAUSES OF ACTION

## COUNT I

## Violations of the FCRA, 15 U.S.C. S 1681i

**(Against Experian, Equifax, and TransUnion)**

24. [sic] Plaintiff incorporates by reference paragraphs 1 through 27.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

25. [sic] The CRAs violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations to determine whether the disputed information was inaccurate and by failing to delete or modify information found to be inaccurate or that could not be verified.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. [sic] The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

***COUNT II***

***Violations of the FCRA, 15 U.S.C. S 1681e (b)***

***(Against Experian, Equifax, and TransUnion)***

27. [sic] Plaintiff incorporates by reference paragraphs 1 through 30.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

28. [sic] The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff when preparing consumer reports.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute

allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. [sic] The CRAs' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT III**

**Violations of the FCRA, 15 U.S.C. S 1681s-2(b)**

**(Against Chase and Bank of America)**

30. [sic] Plaintiff incorporates by reference paragraphs 1 through 33.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

31. [sic] After receiving notice of the disputes from the CRAs, Chase and Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the disputed information.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations

asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32. [sic] Chase and Bank of America failed to review all relevant information provided by the CRAs, failed to report the results of their investigations accurately, and failed to modify, delete, or permanently block reporting of inaccurate information.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. [sic] The Furnishers' conduct was willful, rendering them liable for actual, statutory, and punitive damages under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. Award actual damages in an amount to be proven at trial;

B. Award statutory damages under 15 U.S.C. § 1681n;

C. Award punitive damages under 15 U.S.C. § 1681n;

D. Award costs of litigation and reasonable attorney's fees under 15 U.S.C. §§ 1681n and 1681o;

E. Award pre-judgment and post-judgment interest as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

**DENIAL OF ANY REMAINING ALLEGATIONS**

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

**DEFENSES**

1. Without admitting it has a burden of proof on the issue, at all relevant times, Trans Union maintained and followed reasonable procedure to avoid

violations of the FCRA to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4. Trans Union at all times acted in compliance with the FCRA.

5. Plaintiff failed to mitigate his alleged damages.

6. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. Trans Union reserves the right to assert additional defense that it may learn of through the course of discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the

Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

**Quilling, Selander, Lownds, Winslett & Moser, P.C.**

Date: September 22, 2026

*/s/ Jennifer M. Phelps*
Jennifer M. Phelps
Attorneys for Defendant
TRANS UNION LLC

# PROOF OF SERVICE

I, Jennifer M. Phelps declare that I am a resident of the State of Indiana, am over the age of eighteen years and am not a party to the within action. I am employed with Quilling, Selander, Lownds, Winslett & Moser, P.C. whose address is 10333 North Meridian Street, Suite 200, Indianapolis, IN 46290. On September 22, 2026, I served the following documents: **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | By messenger service. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| | |
| [ X ] | By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Indianapolis, IN. |
| | |
| [ X ] | By CM/ECF Notice of Electronic Filing: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the |

| | |
|---|---|
| | Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court. |

All documents were sent to the following persons in the following manner:

James D. Orr
4880 Ariano Drive
Cypress, CA 90630

Allison L. Kahn, Esq.
akahn@reedsmith.com

Kelsey D. Haines, Esq.
khaines@mcguirewoods.com

Kasey J Curtis, Esq.
kcurtis@reedsmith.com

I declare under penalty of perjury under the laws of the States of Indiana and California that the foregoing is true and correct, and that this Proof of Service was executed on this 22nd day of September, 2026, at Indianapolis, IN.

*/s/ Jennifer M. Phelps*
Jennifer M. Phelps