**VENABLE LLP**
Shannon E. Beamer (SBN 331289)
Email: SEBeamer@Venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
Experian Information Solutions, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D. ORR<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.<br><br>Defendants. | Case No. 8:26-cv-01870-DOC-JDE<br><br>Hon. David O. Carter<br>Courtroom 10A<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action Filed: July 13, 2026<br>Trial Date: None Set |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff James Orr's ("Plaintiff") First Amended Complaint (the "Complaint"). Except as expressly and specifically admitted herein, Experian denies, generally and specifically, each and every allegation contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific facts set out and not as to any conclusions, characterizations, implications, or contentions that may follow from or be contained in the alleged fact or in the Complaint as a whole. The headings used in this Answer track the headings used in the Complaint and are included solely for ease of reference; to the extent any heading in the Complaint is deemed to contain any factual allegation, Experian denies each such allegation. Responding to the specifically numbered paragraphs of the Complaint, Experian states as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Introduction of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Except as specifically admitted, Experian denies, generally and specifically, each and every allegation in Paragraph 1 of the Introduction of the Complaint, including any allegation that it violated the FCRA.

2. In response to Paragraph 2 of the Introduction of the Complaint, Experian admits that the First Amended Complaint was filed. The remaining allegations in this paragraph constitute legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 2 of the Introduction of the Complaint.

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Jurisdiction and Venue section of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that

this is a legal conclusion which is not subject to denial or admission.

2. In response to Paragraph 2 of the Jurisdiction and Venue section of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission. Experian further admits that it does business in this District. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 2 of the Jurisdiction and Venue section of the Complaint.

**PARTIES**

1. In response to Paragraph 1 of the Parties section of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's place of residence and status as a "consumer" as defined by 15 U.S.C. § 1681a(c), and on that basis, denies, generally and specifically, each and every allegation of Paragraph 1 of the Parties section of the Complaint.

2. In response to Paragraph 2 of the Parties section of the Complaint, Experian admits that it is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f) and that it does business in California.

3. In response to Paragraph 3 of the Parties section of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 3 of the Parties section of the Complaint.

4. In response to Paragraph 4 of the Parties section of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation of Paragraph 4 of the Parties section of the Complaint.

5. In response to Paragraph 5 of the Parties section of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 5 of the Parties section of the Complaint.

6. In response to Paragraph 6 of the Parties section of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 6 of the Parties section of the Complaint.

## FACTUAL ALLEGATIONS

### A. The Inaccurate Reporting

1. In response to Paragraph 1 of Section A of the Factual Allegations of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein as it relates to Experian. As to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 1 of Section A of the Factual Allegations of the Complaint.

2. In response to Paragraph 2 of Section A of the Factual Allegations of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 2 of Section A of the Factual Allegations of the Complaint.

### B. Plaintiff's Disputes and the CRAs' Failures

1. In response to Paragraph 1 of Section B of the Factual Allegations of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies, generally and specifically, each and every allegation of Paragraph 1 of Section B of the Factual Allegations of the Complaint.

2. In response to Paragraph 2 of Section B of the Factual Allegations of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 2 of Section B of the Factual Allegations of the Complaint.

3. In response to Paragraph 3 of Section B of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 3 of Section B of the Factual Allegations of the Complaint.

4. In response to Paragraph 4 of Section B of the Factual Allegations of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein as it relates to Experian. As to the allegations that relate to other CRA defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 4 of Section B of the Factual Allegations of the Complaint.

**C. Chase's Failure to Investigate**

1. In response to Paragraph 1 of Section C of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and

every allegation of Paragraph 1 of Section C of the Factual Allegations of the Complaint.

2. In response to Paragraph 2 of Section C of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 2 of Section C of the Factual Allegations of the Complaint.

3. In response to Paragraph 3 of Section C of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 3 of Section C of the Factual Allegations of the Complaint.

**D. Bank of America's Failure to Investigate**

1. In response to Paragraph 1 of Section D of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 1 of Section D of the Factual Allegations of the Complaint.

2. In response to Paragraph 2 of Section D of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 2 of Section D of the Factual Allegations of the Complaint.

3. In response to Paragraph 3 of Section D of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 3 of Section D of the Factual Allegations of the Complaint.

**E. CFPB Complaints and Defendants' Inadequate Responses**

1. In response to Paragraph 1 of Section E of the Factual Allegations of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies, generally and specifically, each and every allegation of Paragraph 1 of Section E of the Factual Allegations of the Complaint.

2. In response to Paragraph 2 of Section E of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 2 of Section E of the Factual Allegations of the Complaint.

3. In response to Paragraph 3 of Section E of the Factual Allegations of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and

every allegation of Paragraph 3 of Section E of the Factual Allegations of the Complaint.

4. In response to Paragraph 4 of Section E of the Factual Allegations of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein as it relates to Experian. As to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 4 of Section E of the Factual Allegations of the Complaint.

**F. Damages**

1. In response to Paragraph 1 (including subparts a through f) of Section F of the Factual Allegations of the Complaint, Experian denies that Plaintiff suffered any damages as a direct and proximate result of any act or omission by Experian. Experian specifically denies subparts (a) through (f) to the extent they allege that Experian caused the described harms. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions of third parties, including BMW Financial Services, American Express, Capital One, and Bilt, and on that basis denies them. As to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 1 (including subparts a through f) of Section F of the Factual Allegations of the Complaint.

## CAUSES OF ACTION

## COUNT I

## Violations of the FCRA, 15 U.S.C. § 1681i

## (Against Experian, Equifax, and TransUnion)

1. In response to Paragraph 1 of Count I of the Complaint, Experian re-

alleges and incorporates by reference each and every response to the preceding paragraphs of the Complaint as though set forth fully herein.

2. In response to Paragraph 2 of Count I of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including any allegation that it failed to reasonably reinvestigate or that it violated 15 U.S.C. § 1681i. As to the allegations that relate to other CRA defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 2 of Count I of the Complaint.

3. In response to Paragraph 3 of Count I of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including any allegation that its conduct was willful or that Plaintiff is entitled to damages under 15 U.S.C. § 1681n, and including any allegation that its conduct was negligent or that Plaintiff is entitled to damages under 15 U.S.C. § 1681o. As to the allegations that relate to other CRA defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 3 of Count I of the Complaint.

**COUNT II**

**Violations of the FCRA, 15 U.S.C. § 1681e(b)**

**(Against Experian, Equifax, and TransUnion)**

1. In response to Paragraph 1 of Count II of the Complaint, Experian re-alleges and incorporates by reference each and every response to the preceding paragraphs of the Complaint as though set forth fully herein.

2. In response to Paragraph 2 of Count II of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including any allegation that it failed to follow reasonable procedures to ensure

accuracy or that it violated 15 U.S.C. § 1681e(b). As to the allegations that relate to other CRA defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 2 of Count II of the Complaint.

3. In response to Paragraph 3 of Count II of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, including any allegation that its conduct was willful or that Plaintiff is entitled to damages under 15 U.S.C. § 1681n, and including any allegation that its conduct was negligent or that Plaintiff is entitled to damages under 15 U.S.C. § 1681o. As to the allegations that relate to other CRA defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 3 of Count II of the Complaint.

**COUNT III**

**Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

**(Against Chase and Bank of America)**

1. In response to Paragraph 1 of Count III of the Complaint, Experian re-alleges and incorporates by reference each and every response to the preceding paragraphs of the Complaint as though set forth fully herein.

2. In response to Paragraph 2 of Count III of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 2 of Count III of the Complaint.

3. In response to Paragraph 3 of Count III of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To

the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 3 of Count III of the Complaint.

4. In response to Paragraph 4 of Count III of the Complaint, those allegations are not directed at Experian and therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of Paragraph 4 of Count III of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief (including subparts A through F), including general, special, statutory, or punitive damages, costs, fees, any equitable relief, or any other relief whatsoever.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian asserts the following affirmative defenses, without conceding that it bears the burden of persuasion or production as to any of them and reserves the right to amend or supplement these defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE

(*Failure to State a Claim*)

The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Experian.

### SECOND AFFIRMATIVE DEFENSE

(*Arbitration*)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

**THIRD AFFIRMATIVE DEFENSE**

(*Reasonable Procedures*)

Experian at all relevant times followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit file, and any inaccuracy which Experian denies was not the result of any failure to follow reasonable procedures.

**FOURTH AFFIRMATIVE DEFENSE**

(*Reasonable Reinvestigation*)

Experian conducted reasonable reinvestigations of each dispute Plaintiff submitted and communicated the results as required by 15 U.S.C. § 1681i. Where a furnisher verified the disputed information, Experian was entitled to report the account as verified, and the notation that an investigation was completed, and the consumer disagrees reflects the furnisher's response to a direct dispute.

**FIFTH AFFIRMATIVE DEFENSE**

(*Truth/Accuracy of Information*)

All claims against Experian are barred, in whole or in part, because all information Experian communicated regarding Plaintiff was accurate and true.

**SIXTH AFFIRMATIVE DEFENSE**

(*Statute of Limitations*)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p and the limitations periods applicable to Plaintiff's state-law claims.

**SEVENTH AFFIRMATIVE DEFENSE**

(*Bona Fide Error*)

Any violation of the FCRA, which Experian denies occurred, was not

intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**EIGHTH AFFIRMATIVE DEFENSE**

(*No Willful Conduct*)

Plaintiff is not entitled to statutory or punitive damages under 15 U.S.C. § 1681n because Experian did not willfully fail to comply with any requirement of the FCRA, and any alleged violation was not reckless.

**NINTH AFFIRMATIVE DEFENSE**

(*Failure to Mitigate Damages*)

Plaintiff has failed to mitigate his alleged damages, and any recovery must be reduced or barred accordingly.

**TENTH AFFIRMATIVE DEFENSE**

(*Contributory/Comparative Fault)*

Any alleged damages sustained by Plaintiff, which Experian denies, were caused in whole or in part by the acts, omissions, or negligence of Plaintiff or third parties, which equaled or exceeded any alleged wrongdoing by Experian.

**ELEVENTH AFFIRMATIVE DEFENSE**

(*Conduct of Third Parties*)

Any damages allegedly suffered by Plaintiff were caused, in whole or in part, by the acts or omissions of third parties over whom Experian had no control, including furnishers of information and other consumer reporting agencies, and not by any act or omission of Experian.

**TWELFTH AFFIRMATIVE DEFENSE**

(*Independent Intervening Cause*)

If Plaintiff sustained any injury as alleged, which Experian denies, there was an intervening, superseding cause of such injury, including accurate information reported by third parties, such that no act or omission of Experian was a proximate cause of the alleged injury.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*No Actual Damages/Causation)*

Plaintiff sustained no actual damages, and to the extent he sustained any damages, they were not proximately caused by any act or omission of Experian.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Estoppel*)

Any damages Plaintiff may have suffered, which Experian denies, were the direct and proximate result of Plaintiff's own conduct, and Plaintiff is therefore estopped from recovering any damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Unclean Hands*)

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands, including to the extent the Complaint reflects an attempt to remove accurate information from Plaintiff's credit file.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*Lack of Standing*)

Plaintiff lacks standing under Article III of the United States Constitution because he has not suffered a concrete and particularized injury in fact that is fairly traceable to any conduct of Experian and redressable by this Court.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(*Qualified Immunity from Defamation / 15 U.S.C. § 1681h(e)*)

To the extent Plaintiff asserts any claim sounding in defamation, invasion of privacy, or negligence, such claims are barred by the qualified immunity provided under 15 U.S.C. § 1681h(e) absent false information furnished with malice or willful intent to injure.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(*Setoff*)

Any recovery by Plaintiff must be offset by amounts attributable to

obligations Plaintiff actually owes on the accounts at issue.

**NINETEENTH AFFIRMATIVE DEFENSE**

(*Preemption/Compliance with Law*)

Experian's conduct at all relevant times complied with the FCRA and all other applicable statutes and regulations, and Experian's actions were undertaken in good faith.

**TWENTIETH AFFIRMATIVE DEFENSE**

(*Reservation of Additional Defenses)*

Experian presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet-unstated affirmative defenses, and therefore reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**EXPERIAN PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays for judgment as follows:

1. That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed in its entirety, with prejudice;
2. That Experian be awarded its costs of suit and attorneys' fees incurred herein, to the extent permitted by law; and
3. For such other and further relief as the Court may deem just and proper.

Dated: September 22, 2026 VENABLE LLP

By: /s/ *Shannon E. Beamer*
Shannon E. Beamer

*Attorneys for Defendant*
Experian Information Solutions, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**CERTIFICATE OF SERVICE**

*James D. Orr v. Experian Information Solutions, Inc., et al.*
Central District Court Case No. 8:26-cv-01870-DOC-JDE

I HEREBY CERTIFY that on September 22, 2026, I electronically filed the foregoing document(s) described as **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send a notification to the interested parties in this action.

I further certify that I have served/mailed a copy of the foregoing document(s) to the following non-CM/ECF participants or required entities via U.S. Mail, First Class, postage prepaid:

James D. Orr
4880 Ariano Drive
Cypress, CA 90630
*jdjames.orr@gmail.com*

*PRO SE Plaintiff*

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 22, 2026, at Los Angeles, California.

/s/ *Shannon E. Beamer*
Shannon E. Beamer