THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorney for Defendant
Equifax Information Services LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D. ORR,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No.: 8:26-cv-01870-DOC-JDE<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. John D. Early |

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer to Plaintiff's First Amended Complaint ("Complaint") (Doc. 21).

Except as expressly admitted below, Equifax denies each and every allegation

of the Complaint, including any allegations contained in headings, subheadings, the introduction, the prayer for relief, and any unnumbered paragraphs. To the extent any allegation is directed to a defendant other than Equifax, no response from Equifax is required; to the extent a response is deemed required, Equifax lacks knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies them. To the extent any allegation characterizes or purports to quote a document, Equifax states that the document speaks for itself and denies any characterization inconsistent with its contents.

## **INTRODUCTION**

1. Equifax admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and that Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Equifax denies that it violated the FCRA, denies that it engaged in any willful, negligent, or deceptive conduct, denies that it caused Plaintiff any harm, and denies that Plaintiff is entitled to any relief from Equifax.

2. Paragraph 2 describes the procedural posture and purpose of the First Amended Complaint, to which no response is required. To the extent a response is deemed required, Equifax admits that Plaintiff filed the First Amended Complaint on August 14, 2026, and states that the remaining allegations concern defendants other than Equifax, as to which Equifax lacks knowledge or information sufficient to form

a belief about the truth of the allegations and therefore denies them.

## JURISDICTION AND VENUE

1. Equifax admits that this Court has subject-matter jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, but denies that Plaintiff has stated a claim against Equifax or is entitled to any relief.

2. Equifax does not contest venue in this District for purposes of this action only and admits that it conducts business in California. Equifax denies that any events or omissions giving rise to a valid claim against Equifax occurred, and Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence and the business of the other defendants, and therefore denies them.

## PARTIES

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Equifax admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and that it does business in California.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

### The Inaccurate Reporting

1. Equifax denies the allegations in this Paragraph as they pertain to Equifax.

2. Equifax denies the allegations in this Paragraph as they pertain to Equifax.

### Plaintiff's Disputes and The CRAs' Failures

1. Equifax admits that it received correspondence from or on behalf of Plaintiff in or around January 2026, and states that such correspondence speaks for itself. Equifax denies any characterization of that correspondence inconsistent with its contents.

2. The allegations in this Paragraph are directed to a defendant other than Equifax, and no response from Equifax is required. To the extent a response is deemed required, Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

3. Equifax denies the allegations in this Paragraph.

4. In response to the first sentence in this Paragraph, Equifax admits that it received correspondence from or on behalf of Plaintiff in or around March 2026, and states that such correspondence speaks for itself. Equifax denies any characterization of that correspondence inconsistent with its contents. Equifax denies the allegations in the second sentence of this Paragraph.

**Chase's Failure to Investigate**

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Bank of America's Failure to Investigate**

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## CFPB Complaints and Defendants' Inadequate Responses

1. Equifax admits that, in or around March 2026, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB"), and states that the complaint speaks for itself. Equifax denies any characterization of that complaint inconsistent with its contents and denies reporting any inaccurate information in Plaintiff's credit file.

2. Equifax admits that it responded to Plaintiff's CFPB complaint and states that its response is a written document that speaks for itself. Equifax denies Plaintiff's characterization of that response to the extent inconsistent with its contents, denies that any information it reported concerning Plaintiff was inaccurate, and denies any remaining allegations in this Paragraph.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

4. Equifax denies the allegations in this Paragraph.

## Damages

1. Equifax denies the allegations of Paragraph 27, including subparagraphs (a) through (f), as they pertain to Equifax. Equifax specifically denies that it committed any willful or negligent violation of the FCRA and denies that any act or omission of Equifax caused Plaintiff to suffer any damages.

**COUNT I**

**Violations of the FCRA, 15 U.S.C. § 1681i**

1. Equifax reasserts and re-alleges its responses and defenses as set forth above.

2. Equifax denies the allegations in this Paragraph.

3. Equifax denies the allegations in this Paragraph.

**COUNT II**

**Violations of the FCRA, 15 U.S.C. § 1681e(b)**

1. Equifax reasserts and re-alleges its responses and defenses as set forth above.

2. Equifax denies the allegations in this Paragraph.

3. Equifax denies the allegations in this Paragraph.

**COUNT III**

**Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

1. Equifax reasserts and re-alleges its responses and defenses as set forth above.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## PRAYER FOR RELIEF

Equifax denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph on page 7 of the Complaint, including subparagraphs A through F, and denies that Plaintiff is entitled to judgment, damages of any kind, costs, attorneys' fees, interest, or any other relief from Equifax.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend this Answer to assert additional defenses as they become known through discovery, Equifax asserts the following defenses:

1. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

2. At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

3. The information which Equifax reported on Plaintiff's credit report was true or substantially true.

4. Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

5. Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

6. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his alleged damages.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this October 22, 2026.

NOKES & QUINN

By: *s/ Thomas P. Quinn Jr.*

Thomas P. Quinn Jr.
NOKES & QUINN
410 Broadway, Ste. 200
Laguna Beach CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com
*Attorneys for Defendant Equifax Information Services LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2026 I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record, and that I caused a true and correct copy of the foregoing to be served by U.S. Mail and/or email on the following pro se Plaintiff:

James D. Orr
4880 Ariano Drive
Cypress, CA 90630
jdjames.orr@gmail.com

/s/ *Thomas P. Quinn Jr.*
Thomas P. Quinn Jr.