MCGUIREWOODS LLP
KELSEY D. HAINES SBN #327536
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email: khaines@mcguirewoods.com

*Attorneys for Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

James D. Orr,

Plaintiff,

vs.

Experian Information Services, Inc. et al.,

Defendants.

CASE NO. 8:26-cv-01870-DOC-JDE

**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Amended Compl. Filed: August 17, 2026
Amended Compl. Served: September 1, 2026
Current Response Date: September 22, 2026
New Response Date: October 22. 2026

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 7, 2026, at 8:30 a.m., in Courtroom 10A of the United States District Court for the Central District of California, 411 West 4th Street, Santa Ana, CA, 92701, the Honorable Judge David O. Carter presiding, Defendant Bank of America, N.A. ("BANA") will move to dismiss Count III in Plaintiff James D. Orr's ("Plaintiff") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). The First Amended Complaint fails to state a claim against BANA for which relief can be granted. As such, the Court should dismiss Count III of the First Amended Complaint against BANA with prejudice.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the Amended Complaint, and any further matter presented to the Court at or before the hearing.

DATED: October 22, 2026 **MCGUIREWOODS LLP**

/s/ *Kelsey D. Haines*
Kelsey D. Haines. Esq.

*Attorneys for Bank of America, N.A.*

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 7

II. FACTUAL BACKGROUND ........ 7

III. LEGAL ARGUMENT ........ 9

- A. Legal Standard ........ 9
- B. Plaintiff's FCRA Claim Against BANA Fails. ........ 9
  1. Plaintiff Fails To Plausibly Allege That BANA Reported Inaccurate Or Misleading Information. ........ 10
  2. Plaintiff Fails To Plausibly Allege An Unreasonable Investigation. ........ 12
  3. Plaintiff Fails To Allege Willful Or Negligent Conduct, Or Actual Damages. ........ 13

IV. CONCLUSION ........ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 9

*Banga v. Chevron U.S.A., Inc.*,
No. 11-CV-01498-JCS, 2013 WL 71772 (N.D. Cal. Jan. 7, 2013) .......... 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 9, 14

*Biggs v. Experian Info. Sols., Inc.*,
209 F. Supp. 3d 1142 (N.D. Cal. 2016) .......... 10

*Burnell v. Marin Humane Soc'y*,
No. 14-CV-5635-JSC, 2015 WL 6746818 (N.D. Cal. Nov. 5, 2015) .......... 15

*Burnthorne-Martinez v. Sephora USA, Inc.*,
No. 16-CV-02843-YGR, 2016 WL 6892721 (N.D. Cal. Nov. 23, 2016) .......... 14, 15

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .......... 11

*Connelly v. Remkes*,
No. 14-CV-1344-LHK, 2014 WL 5473144 (N.D. Cal. Oct. 28, 2014) .......... 15

*Denison v. Citifinancial Servicing LLC*,
No. C 16-00432 WHA, 2016 WL 1718220 (N.D. Cal. Apr. 29, 2016) .......... 11

*Dewi v. Wells Fargo Bank*,
No. 12-2891, 2012 WL 10423239 (C.D. Cal. Aug. 8, 2012) .......... 15

*Giovanni v. Bank of Am. N.A.*,
2012 WL 6599681 (N.D. Cal. Dec. 18, 2012) (Beeler, Mag.) .......... 11

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009) .......... 12, 13

*Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044 (C.D. Cal. 2014) ........ 15

*Kruse v. Experian Info. Solutions, Inc.*, 471 Fed. Appx. 714 (9th Cir. 2012) ........ 11

*Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669 (9th Cir. 2020) ........ 10

*McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) ........ 14

*Moore v. Pac. View Apartments Carlsbad LLC*, No. 23-CV-00826, 2024 WL 1774015 (S.D. Cal. Apr. 24, 2024) ........ 9

*Moran v. Screening Pros, LLC*, 25 F.4th 722 (9th Cir. 2022) ........ 10, 14

*Naimi-Yazdi v. JPMorgan Chase Bank, N.A.*, No. 5:21-CV-04390-EJD, 2022 WL 2307068 (N.D. Cal. June 27, 2022) ........ 15

*Novitzky v. Transunion LLC*, No. 2:23-CV-04229-SPG-MAR, 2024 WL 5424114 (C.D. Cal. Apr. 11, 2024) ........ 11

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ........ 9

*Safeco Ins. of Am. v. Burr*, 551 U.S. 47 (2007) ........ 14

*Somers v. Bank of Am., N.A*, 2019 WL 4238884 (C.D. Cal. 2019) ........ 13

*Spellacy v. Wells Fargo Bank, N.A., No. 820CV02101FLAADSX*, 2021 WL 7285997 (C.D. Cal. Aug. 4, 2021) ........ 13

*Warr v. Cent. Garden & Pet Co.*, No. 20-CV-09405-JST, 2021 WL 6275013 (N.D. Cal. Sept. 21, 2021) ........ 10

*Yu v. Tesla Energy Operations, Inc.*, No. CV 21-0062 FMO (KSX), 2022 WL 3575314 (C.D. Cal. Mar. 7, 2022) ........ 12

**Statutes**

15 U.S.C. § 1681n ........ 13

15 U.S.C. §§ 1681n and 1681o ........ 8

15 U.S.C. § 1681o ........ 13, 15

15 U.S.C. § 1681s-2(b)(1)(A)–(D) ........ 12

15 U.S.C. § 1681s-2(b)(1)(A)-(D) ........ 10

15 U.S.C. § 1681s-2(b)(1)(A)-(E).’ ........ 10

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........ 7

Rule 8(a)(2)’s ........ 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Bank of America, N.A. ("BANA") moves to dismiss Count III of the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff James D. Orr ("Plaintiff") asserts a single claim against BANA for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"), based on BANA's purported failure to investigate and correct allegedly inaccurate credit reporting on his BANA credit card account (the "Account"). The FAC, however, fails to state a claim upon which relief can be granted against BANA.

First, Plaintiff does not plausibly allege that BANA reported inaccurate or misleading information—he identifies no specific inaccuracy in what BANA reported regarding the Account. Second, even if Plaintiff could get past this initial threshold, Plaintiff's allegations that BANA failed to conduct a reasonable investigation are conclusory, and the FAC's own allegations confirm that BANA investigated Plaintiff's dispute and verified its reporting of the Account was accurate. Finally, even if Plaintiff could get past accuracy and reasonableness, Plaintiff fails to allege either the requisite willful or negligent mental state or any actual damages causally attributable to BANA's specific conduct, as his damages allegations are pleaded generically against all five Defendants. For these reasons and discussed more fully below, Plaintiff's FCRA claim against BANA fails as a matter of law, and Count III should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff brings this action against three consumer reporting agencies ("CRAs")—Experian Information Solutions, Inc.; Equifax Information Services LLC; and TransUnion LLC—and two furnishers of credit information—JPMorgan Chase Bank, National Association and BANA. (*See* FAC at 2.) The FAC alleges that BANA maintains a revolving account on Plaintiff's consumer credit reports (*see*

FAC at 2), and that BANA informed Plaintiff on or about January 16, 2026, that Sunrise Credit Services, Inc. ("Sunrise") would be servicing the Account. (*See* FAC at 4). BANA also informed Plaintiff that he remained responsible for the alleged balance on the Account. *Id.*

Plaintiff claims that he received collection activity from Sunrise while BANA simultaneously continued reporting the item as a "charged-off Bank of America debt rather than a collection account," which according to Plaintiff, constitutes inaccurate reporting. *Id.* On January 7, 2026, Plaintiff allegedly sent written dispute letters to each of the three CRAs by certified mail, identifying purported reporting discrepancies. *Id.* at 3. On March 7, 2026, Plaintiff claims that he sent a direct written dispute to BANA, requesting an investigation of its reporting and documentation concerning any sale, assignment, transfer, or servicing authority involving Sunrise. *Id.* at 4. Plaintiff alleges that BANA failed to conduct a reasonable investigation in response to both CRA-forwarded dispute notices and the direct dispute, and BANA continued to verify the purportedly inaccurate tradeline. *Id.*

Plaintiff claims that on March 26, 2026, Equifax responded to Plaintiff's Consumer Financial Protection Bureau ("CFPB") complaint, stating that BANA had "verified that the current status was being reported correctly." *Id.* Plaintiff alleges that on March 30, 2026, TransUnion acknowledged Bank of America accounts as "Active Dispute." *Id.* at 5.

The FAC asserts a single claim against BANA and Chase—Count III—for violations of 15 U.S.C. § 1681s-2(b). Plaintiff seeks actual, statutory, and punitive damages, as well as costs of litigation and reasonable attorney's fees under 15 U.S.C. §§ 1681n and 1681o and pre-judgment and post-judgment interest as allowed by law. *Id.* at 7.

Plaintiff, proceeding *pro se*, initiated this action in this Court on July 13, 2026. *See* Dkt. 1. On August 14, 2026, before serving any Defendant, Plaintiff filed

the FAC, which supersedes the original complaint and purports to correct the legal identities of the TransUnion and BANA defendants. *See* Dkt. 21; FAC at 2. Plaintiff served BANA with the summons and FAC on September 1, 2026. BANA's deadline to respond to the FAC was subsequently extended to October 22, 2026. Dkt. 35. BANA now timely moves to dismiss Count III, the only claim asserted against it.

## III. LEGAL ARGUMENT

### A. Legal Standard

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility demands more "than a sheer possibility that a defendant has acted unlawfully." *Id.* Although the court accepts factual allegations as true, it need not accept legal conclusions or unreasonable inferences. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even under Rule 8(a)(2)'s liberal standard—requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"—a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. Dismissal is warranted where the complaint lacks a cognizable legal theory or fails to plead essential facts supporting one. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

These pleading standards apply equally to *pro se* plaintiffs. Although "Courts have a duty to construe *pro se* pleadings liberally . . . a court's liberal construction of a *pro se* pleading will not apply facts not alleged by the plaintiff." *Moore v. Pac. View Apartments Carlsbad LLC*, No. 23-CV-00826, 2024 WL 1774015, at *2 (S.D. Cal. Apr. 24, 2024). Accordingly, Plaintiff's *pro se* status does not relieve him of the obligation to plead facts sufficient to state a plausible claim against BANA.

### B. Plaintiff's FCRA Claim Against BANA Fails.

Plaintiff's single cause of action against BANA for violation of Section

1681s-2(b) fails. The FCRA imposes duties on furnishers only after they receive notice of a dispute regarding the "completeness or accuracy" of information provided to a CRA. To state a claim, a plaintiff must allege "(1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).'" *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016). Critically, furnishers must investigate the disputed information, review all relevant information provided by the CRA, report the results of the investigation to the CRA, and report any incomplete or inaccurate information discovered in the investigation to "all other [CRAs]." 15 U.S.C. § 1681s-2(b)(1)(A)-(D). FCRA imposes liability for negligent or willful violations of the statute. *See Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022).

"[A] plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute" to show that a defendant negligently violated the FCRA. *Id.* at 728 (citing *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673-74 (9th Cir. 2020)). "A private plaintiff who alleges a negligent violation of the FCRA may recover actual damages." *Warr v. Cent. Garden & Pet Co.*, No. 20-CV-09405-JST, 2021 WL 6275013, at *10 (N.D. Cal. Sept. 21, 2021).

To prove a willful FCRA violation, a plaintiff must show "a knowing or reckless violation of a standard," or that "defendant's interpretation was objectively unreasonable, but also that the defendant ran a risk of violating the statute that was substantially greater than the risk associated with a reading that was merely careless." *Moran*, 25 F.4th at 728-29 (citing *Marino*, 978 F.3d at 673).

1. *<u>Plaintiff Fails To Plausibly Allege That BANA Reported Inaccurate Or Misleading Information.</u>*

Plaintiff fails to sufficiently allege that BANA reported inaccurate or misleading information regarding the Account. To state a claim against a furnisher under the FCRA, a plaintiff must allege that an inaccuracy existed in his credit report. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement"); *Kruse v. Experian Info. Solutions, Inc.*, 471 Fed. Appx. 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report needed to maintain FCRA claim); *Giovanni v. Bank of Am. N.A.*, 2012 WL 6599681, at *5 (N.D. Cal. Dec. 18, 2012) (Beeler, Mag.) ("The Court first considers whether [defendant] reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information").

Here, Plaintiff alleges that BANA "continued to report the [obligation] as a charged-off Bank of America debt rather than a collection account." FAC at 4. That allegation does not plausibly identify inaccurate or misleading reporting. Plaintiff alleges only that Sunrise was servicing or collecting the Account while BANA continued to report the obligation as a charged-off BANA debt. But the FAC does not allege facts showing that BANA sold or assigned the Account to Sunrise, ceased to own the Account, or otherwise lacked a factual basis to continue reporting its own charged-off account. Nor does Plaintiff explain why the involvement of a third-party servicer or collector rendered BANA's reporting inaccurate. *See generally* FAC. Without making a "prima facie showing of inaccurate reporting," Plaintiff cannot maintain his FCRA claim against BANA. *Novitzky v. Transunion LLC,* No. 2:23-CV-04229-SPG-MAR, 2024 WL 5424114, at *2 (C.D. Cal. Apr. 11, 2024) (finding plaintiff must "provide the Court additional information to make the prima facie showing of inaccuracy required to state a claim" and granting dismissal of FCRA claim); *see also Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016) (dismissing complaint

and stating, "[w]hile Plaintiff alleges the credit report at issue contained inaccurate information, he does not state *what* that inaccurate information was or *how*, in fact, the information was actually inaccurate." (emph. added)). Thus, as the FAC fails to establish the threshold element of inaccuracy to maintain his FCRA claim against BANA, his FCRA claim against BANA fails as a matter of law and should be dismissed on this basis alone.

2. *Plaintiff Fails To Plausibly Allege An Unreasonable Investigation.*

Section 1681s-2(b) requires a furnisher, upon receiving notice of a dispute from a CRA, to "conduct an investigation with respect to the disputed information," "review all relevant information provided by the [CRA]," and, if the investigation reveals the information is "incomplete or inaccurate, report those results to all other [CRAs]." 15 U.S.C. § 1681s-2(b)(1)(A)–(D). Critically, a plaintiff must allege facts plausibly showing that the furnisher's investigation was unreasonable—not merely that it resulted in a conclusion unfavorable to the consumer. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009). ("An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer.").

Plaintiff's allegations regarding BANA's investigation of the disputes are conclusory. *See generally* FAC. The FAC merely states that BANA "failed to conduct a reasonable investigation" and "continued to verify the inaccurate tradeline" in response to dispute notices. FAC at 4. More is needed to state a claim than a recitation of a legal conclusion. *See, e.g.*, *Yu v. Tesla Energy Operations, Inc.*, No. CV 21-0062 FMO (KSX), 2022 WL 3575314, at *4 (C.D. Cal. Mar. 7, 2022) (dismissing FCRA claim related to failure to investigate disputed information because Plaintiff merely alleged that defendants "willfully and negligently fail[ed] to conduct a reasonable investigation of Plaintiff'[s] complaints ... [and] to implement corrective actions once the outcome of such investigations were

known"); *see also Spellacy v. Wells Fargo Bank, N.A., No. 820CV02101FLAADSX*, 2021 WL 7285997, at *6 (C.D. Cal. Aug. 4, 2021) (dismissing FCRA claim, holding plaintiff's "allegations only raise conclusory statements of law, which the court must disregard on a motion to dismiss."); *see also Somers v. Bank of Am., N.A*, 2019 WL 4238884, *3 (C.D. Cal. 2019) (holding that plaintiff's allegations that furnisher defendant "'failed to lawfully or properly respond to Plaintiff's notice of dispute and demand for validation of [the] alleged debt,' 'failed to adequately conduct an investigation,' and 'failed to report the results of the investigation[']s findings[,]'" were "only bare conclusory allegations") (internal citation omitted).

Moreover, the FAC's own allegations affirmatively undermine Plaintiff's claim. The FAC alleges that Equifax's CFPB response confirmed BANA "verified that the current status was being reported correctly." FAC at 4. This allegation shows that BANA did investigate Plaintiff's dispute and concluded that its reporting was accurate. That Plaintiff disagrees with the outcome of that investigation does not render it unreasonable. *See Gorman*, 584 F.3d at 1161; *see also Banga v. Chevron U.S.A., Inc.*, No. 11-CV-01498-JCS, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7, 2013) (finding investigation reasonable where furnisher verified the accuracy of its reporting after reviewing dispute). Thus, even if Plaintiff could get past the accuracy threshold, which he cannot, the FAC fails to sufficiently allege an unreasonable investigation to maintain his FCRA claim against BANA, and his FCRA claim against BANA fails on this added basis.

3. *Plaintiff Fails To Allege Willful Or Negligent Conduct, Or Actual Damages.*

The FCRA provides a private right of action for "willful" violations, 15 U.S.C. § 1681n, and for "negligent" violations, 15 U.S.C. § 1681o. To sustain a claim under either provision, a plaintiff must allege more than conclusory assertions of willfulness or negligence; the complaint must contain factual allegations sufficient to raise a plausible inference that the defendant's conduct met the

applicable standard. *See Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022); *Safeco Ins. of Am. v. Burr*, 551 U.S. 47, 57 (2007) (willfulness under the FCRA requires a showing that the defendant acted knowingly or with reckless disregard of its statutory obligations).

Plaintiff's allegations of both willfulness and negligence are conclusory and insufficient. The FAC merely asserts in boilerplate fashion that BANA's conduct was "willful" "or, in the alternative negligent" under the FCRA. FAC at 7. These are bare legal conclusions that do not satisfy *Iqbal's* pleading standard. *See Twombly*, 550 U.S. at 570; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."); *Burnthorne-Martinez v. Sephora USA*, Inc., No. 16-CV-02843-YGR, 2016 WL 6892721, at *6 (N.D. Cal. Nov. 23, 2016) (To state a claim for a negligent violation, plaintiff must allege more than "bald" and "conclusory" allegations of actual damages.). The FAC identifies no facts suggesting that BANA knew its reporting was inaccurate or acted with reckless disregard of its obligations. *See generally* FAC.

Plaintiff's damages allegations are equally deficient. The FAC alleges damages generically against all Defendants, not specifically against BANA. *See* FAC at 5, 7. The specific credit denials Plaintiff cites—a May 26, 2026 denial from BMW Financial Services and a denial for the Bilt Palladium Card—reference TransUnion reports and factors such as "Serious delinquency" and revolving account balances. *See* FAC at 5. Plaintiff does not allege that these denials were caused by BANA's specific tradeline rather than by the aggregate effect of all Defendants' reporting or other negative information on Plaintiff's credit reports. *See generally* FAC. Other alleged adverse actions from American Express and Capital One are similarly attributed generically to "inaccurate credit reporting" across all defendants. *See* FAC at 5.

Where, as here, a plaintiff attributes damages to the collective conduct of

multiple defendants without tying any specific harm to any one defendant, the complaint fails to state a plausible claim for damages. *See Burnthorne-Martinez v. Sephora USA, Inc.*, No. 16-CV-02843-YGR, 2016 WL 6892721, at *6 (N.D. Cal. Nov. 23, 2016) (dismissing claims where plaintiff failed to connect alleged injuries to defendant's specific conduct); *Dewi v. Wells Fargo Bank*, No. 12-2891, 2012 WL 10423239, at *8–9 (C.D. Cal. Aug. 8, 2012) (dismissing FCRA claim where plaintiff's damages allegations were conclusory); *Naimi-Yazdi v. JPMorgan Chase Bank, N.A.*, No. 5:21-CV-04390-EJD, 2022 WL 2307068, at *3 (N.D. Cal. June 27, 2022) (similar).

Plaintiff's allegations of emotional distress—"anxiety, depression, mental anguish," and "stress-related medical leave" (FAC at 5)—are likewise pleaded generically against all Defendants. Even under the more lenient negligence standard of Section 1681o, a plaintiff must allege actual damages causally connected to the defendant's specific conduct. *See Burnell v. Marin Humane Soc'y*, No. 14-CV-5635-JSC, 2015 WL 6746818, at *19 (N.D. Cal. Nov. 5, 2015) (dismissing intentional infliction of emotional distress claim where complaint lacked "any facts pertaining to the nature and extent of plaintiffs' emotional or mental suffering"); *Connelly v. Remkes*, No. 14-CV-1344-LHK, 2014 WL 5473144, at *13 (N.D. Cal. Oct. 28, 2014) (finding single paragraph alleging plaintiff "suffered great worry and concern" to be inadequate). The FAC does not isolate which portion of Plaintiff's alleged emotional and financial harm, if any, is attributable to BANA's reporting specifically—as opposed to the conduct of the four other Defendants. *See generally* FAC.

Thus, even if Plaintiff's FCRA claim against BANA could get past the accuracy and reasonableness thresholds – and it cannot – Plaintiff has failed to establish a causal link between BANA's reporting of the Account and any alleged damages. Thus, Plaintiff cannot meet his damages burden, and Count III fails as a matter of law and must be dismissed for these separate reasons. *See Grigoryan v.*

*Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1077, 1084 (C.D. Cal. 2014) (holding that "[E]ven were business damages recoverable… [plaintiff] has not demonstrated that defendants' alleged violations of the FCRA… proximately caused any purported business damages…").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Bank of America, N.A. respectfully requests that the Court dismiss Count III of the First Amended Complaint against BANA with prejudice.

DATED: October 22, 2026 **MCGUIREWOODS LLP**

/s/ *Kelsey D. Haines*
Kelsey D. Haines. Esq.

*Attorneys for Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically transmitted the foregoing document described as **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court for the Central District of California using the CM/ECF system.

/s/ *Kelsey D. Haines*
Kelsey D. Haines