Kasey J. Curtis (SBN 268173)
Email: kcurtis@reedsmith.com
Allison L. Kahn (SBN 346206)
Email: akahn@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES D. ORR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; AND BANK OF AMERICA, N.A.,

Defendants.

Case No. 8:26-cv-01870-DOC-JDE

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

Complaint filed: July 13, 2026
FAC filed: August 14, 2026

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant JPMorgan Chase Bank, National Association ("JPMC"), by and through its attorneys of record, for its Answer to Plaintiff's First Amended Complaint, filed on August 14, 2026, admits, denies, and alleges as follows:

## INTRODUCTION[1]

1. Answering Introduction, Paragraph 1, JPMC admits that Plaintiff brought this action against the parties listed therein under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. JPMC denies the remaining allegations in this paragraph to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's claimed injuries or the conduct of other defendants, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

2. Answering Introduction, Paragraph 2, JPMC that the First Amended Complaint was filed before service of process on JPMC. To the extent this paragraph contains characterizations of the First Amended Complaint's purpose or legal effect, JPMC states that the document speaks for itself and no response is required. To the extent the remaining allegations pertain to the actions of other Defendants, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies the same.

[1] JPMC utilizes the headings adopted by Plaintiff for document consistency purposes only. In doing so, JPMC is in no way admitting to the truth of the heading and/or any allegation that may be implied by the language of the heading. Because the First Amended Complaint does not use sequentially numbered paragraphs and instead restarts paragraph numbering at "1" under each section heading, JPMC identifies each allegation by its section heading and local paragraph number within that section (e.g., "Jurisdiction and Venue, Paragraph 1") to avoid ambiguity. JPMC reserves all objections to the complaint's non-standard formatting. Unless expressly admitted within this Answer, JPMC denies all factual allegations contained in Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

1. Answering Jurisdiction and Venue, Paragraph 1, JPMC admits that this Court has jurisdiction over this matter.

2. Answering Jurisdiction and Venue, Paragraph 2, JPMC admits venue is proper in this District.

## PARTIES

1. Answering Parties, Paragraph 1, JPMC admits that Plaintiff is a natural person and qualifies as a consumer as that term is defined by 15 U.S.C. § 1681a(c). JPMC further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

2. Answering Parties, Paragraph 2, JPMC admits that Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). JPMC further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

3. Answering Parties, Paragraph 3, JPMC admits that Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). JPMC further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

4. Answering Parties, Paragraph 4, JPMC admits that Defendant TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). JPMC further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

5. Answering Parties, Paragraph 5, JPMC admits that it is national banking association and a furnisher of information to credit reporting agencies as

contemplated by 15 U.S.C. § 1681s-2.

6. Answering Parties, Paragraph 6, JPMC admits that Bank of America is a national banking association and a furnisher of information to credit reporting agencies as contemplated by 15 U.S.C. § 1681s-2. JPMC further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

## FACTUAL ALLEGATIONS

### A. The Inaccurate Reporting

1. Answering Factual Allegations, Section A, Paragraph 1, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

2. Answering Factual Allegations, Section A, Paragraph 2, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

### B. Plaintiff's Disputes and the CRAs' Failures

1. Answering Factual Allegations, Section B, Paragraph 1, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

2. Answering Factual Allegations, Section B, Paragraph 2, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

3. Answering Factual Allegations, Section B, Paragraph 3, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

4. Answering Factual Allegations, Section B, Paragraph 4, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

**C. Chase's Failure to Investigate**

1. Answering Factual Allegations, Section C, Paragraph 1, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

2. Answering Factual Allegations, Section C, Paragraph 2, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

3. Answering Factual Allegations, Section C, Paragraph 3, JPMC denies the allegations contained therein.

**D. Bank of America's Failure to Investigate**

1. Answering Factual Allegations, Section D, Paragraph 1, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same

2. Answering Factual Allegations, Section D, Paragraph 2, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same

3. Answering Factual Allegations, Section D, Paragraph 3, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

**E. CFPB Complaints and Defendants' Inadequate Responses**

1. Answering Factual Allegations, Section E, Paragraph 1, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

2. Answering Factual Allegations, Section E, Paragraph 2, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

3. Answering Factual Allegations, Section E, Paragraph 3, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the

same.

4. Answering Factual Allegations, Section E, Paragraph 4, JPMC denies the allegations contained therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Plaintiff's actions or the actions of the other defendants, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

**F. Damages**

1. Answering Factual Allegations, Section F, Paragraph 1, JPMC denies the allegations contained therein to the extent they pertain to JPMC, including any allegation or implication that JPMC furnished inaccurate information regarding Plaintiff or that Plaintiff suffered damages as a result of any conduct by JPMC. To the extent that the allegations pertain to Plaintiff's claimed injuries or the conduct of other defendants, JPMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

## CAUSES OF ACTION

## COUNT I

## Violations of the FCRA, 15 U.S.C. §1681i

## (Against Experian, Equifax, and Transunion)

1. Answering Count I, paragraph 1, JPMC repeats and realleges the answers above as though fully set forth herein.

2. Answering Count I, paragraph 2, JPMC states that Count I is not directed to JPMC and that this paragraph contains legal conclusions and legal argument to which no response from JPMC is required. Notwithstanding, to the extent a response is required, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent the allegations concern other defendants, JPMC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

3. Answering Count I, paragraph 3, JPMC states that Count I is not directed to JPMC and that this paragraph contains legal conclusions and legal argument to which no response from JPMC is required. Notwithstanding, to the extent a response is required, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent the allegations concern other defendants, JPMC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**COUNT II**

**Violations of the FCRA, 15 U.S.C. §1681e(b)**

**(Against Experian, Equifax, and Transunion)**

1. Answering Count II, paragraph 1, JPMC repeats and realleges the answers above as though fully set forth herein.

2. Answering Count II, paragraph 2, JPMC states that Count II is not directed to JPMC and that this paragraph contains legal conclusions and legal argument to which no response from JPMC is required. Notwithstanding, to the extent a response is required, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent the allegations concern other defendants, JPMC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

3. Answering Count II, paragraph 3, JPMC states that Count II is not directed to JPMC and that this paragraph contains legal conclusions and legal argument to which no response from JPMC is required. Notwithstanding, to the extent a response is required, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent the allegations concern other defendants, JPMC lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

///

///

///

**COUNT III**

**Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

**(Against Chase and Bank of America)**

1. Answering Count III, paragraph 1, JPMC repeats and realleges the answers above as though fully set forth herein.

2. Answering Count III, paragraph 2, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Bank of America, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

3. Answering Count III, paragraph 3, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Bank of America, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

4. Answering Count III, paragraph 4, JPMC denies the allegations therein to the extent they pertain to JPMC. To the extent that the allegations pertain to Bank of America, JPMC states that is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state any claim against JPMC upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the Plaintiff's failure to mitigate damages.

**THIRD AFFIRMATIVE DEFENSE**

The claims are barred in whole or in part by the statute of limitations and/or repose.

**FOURTH AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, by various equitable doctrines, including without limitation, the doctrines of estoppel, laches, unclean hands, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or in part because the Plaintiff has not sustained any cognizable injury as a result of JPMC's conduct.

**SIXTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or in part because the alleged damages, if any, are speculative.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's own conduct contributed to the alleged harm, reducing or barring recovery on her claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged damages were caused by third parties or intervening events beyond JPMC's control.

**JURY DEMAND**

JPMC demands a trial by jury on all issues so triable.

**PRAYER OR RELIEF**

WHEREFORE, JPMC prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the First Amended Complaint on file herein;
2. That the First Amended Complaint be dismissed with prejudice;
3. That JPMC recover costs incurred herein; and

4. For such and further relief as the Court may deem just and proper under the circumstances.

DATED: October 22, 2026

REED SMITH LLP

By: */s/ Kasey J. Curtis*
Kasey J. Curtis
Allison L. Kahn

Attorneys for Defendant
JPMorgan Chase Bank, N.A.