**VENABLE LLP**
Shannon E. Beamer (SBN 331289)
Email: SEBeamer@Venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES D. ORR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,

Defendants.

Case No. 8:26-cv-01870-DOC-JDE

Hon. David O. Carter
Courtroom 10A

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[*Declaration of Dan Smith; Declaration of Sarah L. Scott; and [Proposed] Order filed concurrently herewith*]

Hearing Date: December 7, 2026
Hearing Time: 8:30 A.M.
Courtroom: 10A

Action Filed: July 13, 2026
Trial Date: None Set

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 7, 2026, at 8:30 a.m., or as soon thereafter as counsel may be heard by the Honorable David O. Carter of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California 92701, Courtroom 10A, 10th Floor, for an order granting Defendant Experian Information Solutions, Inc.'s ("Experian") motion compelling individual arbitration of the claims of plaintiff James D. Orr ("Plaintiff") before the American Arbitration Association and staying these proceedings (the "Motion").

Experian's Motion is pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dan Smith, all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of hearing.

Dated: October 28, 2026

VENABLE LLP

*/s/ Shannon E. Beamer*
Shannon E. Beamer

*Attorneys for Defendant*
Experian Information Solutions, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 3

III. ARGUMENT .......... 5

A. The Court Should Compel This Matter to Arbitration .......... 5

B. A Valid Agreement to Arbitrate Exists .......... 6

C. Experian May Directly Enforce the Arbitration Agreement .......... 7

D. It is for an Arbitrator to Decide Whether Plaintiff's Claims Should be Subject to Arbitration .......... 8

E. Experian Did Not Waive Its Right to Arbitrate .......... 9

IV. THE ACTION MUST BE STAYED PENDING ARBITRATION .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Adams v. AT & T Mobility, LLC* 524 F. App'x 322 (9th Cir. 2013) .......... 1, 2

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .......... 6

*Austin v. Experian Information Solutions, Inc.*, 148 F.4th 194 (4th Cir. 2025) .......... 7

*Brennan v. Opus Bank*, 796 F.3 1125 (9th Cir. 2015) .......... 2

*Bryant v. JPMorgan Chase Bank, N.A.*, 763 F. Supp. 3d 946 (C.D. Cal. 2025) .......... 1, 2, 6, 7, 8, 10

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126 (9th Cir. 2000) .......... 2, 6

*Coleman v. Assurant, Inc.*, 508 F. Supp. 2d 862 (D. Nev. 2007) .......... 9

*Driskill v. Experian Information Solutions, Inc.*, 753 F. Supp. 3d 839 (N.D. Cal. 2024) .......... 6, 7, 8

*Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013) .......... 6

*Green Tree Financial Corps.-Alabama v. Randolph*, 531 U.S. 79 (2000) .......... 6

*Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63 (2019) .......... 9

*Homestake Lead Co. of Mo. v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131 (N.D. Cal. 2003) .......... 2, 9

*Houtchens v. Google LLC*, 649 F. Supp. 3d 933 (C.D. Cal. 2023) .......... 7

*Lamonaco v. Experian Information Solutions, Inc.*, 141 F.4th 1343 (11th Cir. 2025) .......... 7

*Meeks v. Experian Information Services, Inc.*, Nos. 31-17023 and 22-15028, 2022 WL 17958634 (9th Cir. Dec. 27, 2022) .......... 1

*Monzon v. Southern Wine & Spirits of Cal.*, 834 F. Supp. 2d 934 (N.D. Cal. 2011) (citing *United Steelworks of Am. V. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960)) .......... 2






VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) ........ 6, 7, 9

*Rangel v. Experian Information Solutions, Inc.*,
749 F. Supp. 3d 1067 (E.D. Cal. 2024) ........ 1, 6, 7, 8, 10

*Rendon v. T Mobile USA*,
747 F. Supp. 3d 1314 (C.D. Cal. 2024) ........ 2, 6, 9

*Sage Telecom Communications, LLC v. Iretas Groups, LLC*,
No. CV1500716BROJPRX, 2015 WL 13919073 (C.D. Cal. Oct. 23, 2015) ........ 9

*Shivkov v. Artex Risk Solutions, Inc.*,
974 F.3d 1051 (9th Cir. 2020) ........ 6

*Simula, Inc. v. Autoliv, Inc.*,
175 F.3d 716 (9th Cir. 1999) ........ 2

*Smith v. Spizzirri*,
144 S.Ct. 1173 (2024) ........ 10

*Sovak v. Chugai Pharmaceutical Co.*,
280 F.3d 1266 (9th Cir. 2002), *amended on other grounds on denial of rehearing by Sovak v. Chugai Pharmaceutical Co.*, 289 F.3d 615 (9th Cir. 2002) ........ 9

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) ........ 10

Fair Credit Reporting Act, 15 U.S.C. § 1681i ........ 10

Fair Credit Reporting Act, 16 U.S.C. §§ 1681i and 1681e(b) ........ 8

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ........ 3

Federal Arbitration Act, 9 U.S.C. § 2 ........ 5, 6

Federal Arbitration Act, 9 U.S.C. § 3 ........ 10

Federal Arbitration Act § 4, 9 U.S.C. §§ 1-16 ........ 1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel and pursuant to Section 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), files this Motion to Compel Arbitration and Stay Proceedings. In support of this Motion, Experian states as following:

## I. INTRODUCTION

This is an action under the Fair Credit Reporting Act ("FCRA"). The plaintiff, James D. Orr ("Plaintiff"), alleges that Experian incorrectly reported information in his credit file in violation of the FCRA. Pursuant to Plaintiff's written agreement, Experian elects to adjudicate Plaintiff's claims in arbitration before the American Arbitration Association.

Plaintiff is a member of CreditWorks, the name of Experian's credit monitoring service provided by Experian's affiliate, ConsumerInfo.com, Inc. ("CIC," d/b/a Experian Consumer Services "ECS"). Plaintiff's membership in CreditWorks predates the filing of this lawsuit and, when he enrolled in CreditWorks, he agreed to the Terms of Use Agreement governing that service. That contract contains an Arbitration Agreement. The Arbitration Agreement defines EC to include its "affiliates," including Experian. Experian has been an affiliate of ECS during the entire time Plaintiff has been enrolled in CreditWorks, as courts have corroborated. *See, e.g., Meeks v. Experian Information Services, Inc.*, Nos. 31-17023 and 22-15028, 2022 WL 17958634, at *2 (9th Cir. Dec. 27, 2022) (finding that Experian was a party to the arbitration agreement because Experian was defined as an affiliate of ECS in the agreement and "ECS" was defined to include its affiliates); *Adams v. AT & T Mobility, LLC,* 524 F. App'x 322, 324 (9th Cir. 2013); *Bryant v. JPMorgan Chase Bank, N.A.*, 763 F. Supp. 3d 946, 951 (C.D. Cal. 2025); *Rangel v. Experian Information Solutions, Inc.*, 749 F. Supp. 3d 1067, 1074 (E.D. Cal. 2024).

The Arbitration Agreement provides that Plaintiff and ECS and its affiliates, including Experian, agreed to arbitrate "all disputes and claims between us that arise

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

out of or related to" his CreditWorks agreement, including claims under the FCRA. Smith Decl. Ex. 3. Experian is therefore a party to the Agreement and may directly enforce it. *Bryant*, 763 F. Supp. 3d at 951; *Adams*, 524 F. App'x at 324.

The Arbitration Agreement is also broad in scope, as it delegates "all issues" to an arbitrator, including all questions regarding arbitrability, enforceability, and scope. *Id.*. Where the scope of an arbitration clause is broad and far-reaching, as it is here, the FAA requires the court to find any dispute within that scope to be arbitrable. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (emphasizing that, where a dispute falls within the scope of the parties' agreement to arbitrate, the FAA does not allow the district court discretion to deny arbitration of that dispute); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999); *see also Monzon v. Southern Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 940 (noting that the "Supreme Court has emphasized that courts should refer a matter for arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that that covers the asserted dispute'" *quoting United Steelworks of Am. V. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)); *Homestake Lead Co. of Mo. v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131, 1138 (N.D. Cal. 2003). Similarly, where the agreement "fixes no temporal boundaries to its application" to disputes within its scope, that agreement is enforceable even after termination of the original contract. *Homestake Lead Co.*, 282 F. Supp. 2d at 1140.

The CreditWorks contract also expressly incorporates the AAA rule, which constitutes "clear and unmistakable evidence" that the parties (no matter their level of sophistication) agreed to arbitrate arbitrability because those rules provide that "the arbitrator shall have the power to rule on his or her own jurisdiction." *Rendon v. T Mobile USA*, 747 F. Supp. 3d 1314, 1319-20 (C.D. Cal. 2024); *see also Brennan v. Opus Bank*, 796 F.3 1125, 1130-31 (9th Cir. 2015) (limiting its holding to the fact of the case, where the parties were sophisticated, the Court nevertheless emphasized

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

that their holding "should not be interpreted to require that the contracting parties be sophisticated" for the incorporation of AAA rules to constitute clear evidence of the parties' intent to arbitrate arbitrability and noted that "the vast majority of the circuits" that so find do so "without explicitly limiting that holding to sophisticated parties").

Thus, under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Experian respectfully moves for an order compelling this matter to arbitration, as requested under plaintiff's written agreement, and staying this action until arbitration has been completed.

## II. STATEMENT OF FACTS

1. On May 7, 2024, Plaintiff enrolled in CreditWorks. *See* Smith Decl. ¶ 7.

2. To enroll, Plaintiff had to complete a webform. *Id.*

3. The webform required Plaintiff to enter his personal information, including his name, address, and e-mail address, as well as a password. *Id.* Below the password field was the following disclosure: "By clicking "Create Your Account": I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy." *Id.* A true and correct representation of the webform, including the input fields and the disclosure, as it would have appeared when Plaintiff enrolled in CreditWorks is attached as Exhibit 1 to the Smith Declaration.

4. The phrase "Terms of Use Agreement" was a full text hyperlink to the Terms of Use, and the phrase appeared in bold blue text in the disclosure. Smith Decl. ¶ 8.

5. A consumer, like Plaintiff, could view the entire text of the Terms of Use Agreement by clicking on that blue-highlighted hyperlink. *Id.* ¶¶ 8, 9.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

6. When a consumer clicked on the "Terms of Use Agreement" hyperlink, the entire text of the Terms of Use Agreement would open within the consumer's web browser as an overlay. *Id.* ¶ 9.

7. After entering his information, Plaintiff clicked the "Create Your Account" button, thereby accepting and agreeing to the Terms of Use Agreement. *Id.* ¶ 10. Without clicking that button, Plaintiff could not have successfully enrolled in CreditWorks. *Id.* A true and correct copy of the Terms of Use that was in effect when Plaintiff enrolled in CreditWorks is attached as Exhibit 2 to the Smith Declaration.

8. Plaintiff was enrolled in this service through the time he filed this lawsuit on July 13, 2026. Smith Decl. ¶ 10. A true and correct copy of the Terms of Use in effect at the time that Plaintiff filed this lawsuit is attached as Exhibit 3 to the Smith Declaration.

9. Every version of the Terms of Use in effect during Plaintiff's enrollment in CreditWorks contained an Arbitration Agreement requiring him to litigate in arbitration all claims against ECS and its affiliates that "relate to" or "arise out of" his agreement. Smith Decl. ¶ 11; see *also* Smith Decl., Exhibits 2-3.

10. Experian was an affiliate of ECS the entire time that Plaintiff was enrolled in Credit Works. Smith Decl. ¶¶ 2, 11.

11. Because the Terms of Use defines "ECS" to include its affiliates, Experian is also a party to the contract and to the Arbitration Agreement contained within that contract. *Id.* ¶ 11. The contract includes Experian both within the "Overview and Acceptance of Terms" section and within the definition of ECS in the Arbitration Agreement; thus, the parties intended for Experian to benefit under the contract. *Id.* ¶ 12.

12. The Arbitration Agreement also expressly incorporates the AAA rules. *Id.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

13. Every version of the Terms of Use Agreement in effect during Plaintiff's enrollment included an "Amendments" section that advised him that he would be bound by the then-current Terms of Use each time he "order[ed], access[ed], or use[d]" any of the Services or Websites described in the agreement, "without limitation or qualification." Smith Decl. ¶ 13.

14. When Plaintiff continued to use the CreditWorks service, he accepted the amended Terms of Use in the manner called out in the contract. *Id.*

15. At all times relevant to this action, Experian contributed to the services that CreditWorks subscribers receive by providing regular access to how information appears in their Experian credit files, including changes to their credit file information. Smith Decl. ¶ 14.

16. Further, all CreditWorks subscribers are required to provide written authorization under the FCRA to obtain their credit report and/or credit score(s) on a recurring basis from Experian through CreditWorks. *Id.*

17. The Terms of Use cover the provision of "Services," which is defined to include services to which Experian contributed by providing credit information, including CreditWorks and the provision of "credit report(s), credit risk scores(s), credit monitoring, credit score monitoring and credit score tracking (including all the data and information contained therein), [and] the receipt of any alerts notifying [consumers] of changes to the information contained in [their] credit report(s)." *Id.*

## III. ARGUMENT

### A. The Court Should Compel This Matter to Arbitration

Section 2 of the FAA requires that binding arbitration agreements in transactions involving commerce be enforced and emphasizes that they are valid and irrevocable except on those legal or equitable grounds for which any contract may be revoked. 9 U.S.C. § 2. The requirement reflects the "overarching purpose of the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

FAA, which is "to ensure the enforcement of arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

Under the FAA, arbitration must be compelled where, as here: (1) a valid arbitration agreement exists; and (2) the arbitration agreement encompasses the claims at issue. *Shivkov v. Artex Risk Solutions, Inc.*, 974 F.3d 1051, 1058-59 (9th Cir. 2020); *Rendon*, 747 F. Supp. 3d at 1317; *Bryant*, 763 F. Supp. 3d at 948-49; *Driskill v. Experian Information Solutions, Inc.*, 753 F. Supp. 3d 839, 843 (N.D. Cal. 2024). The FAA reflects the "liberal federal policy favoring arbitration agreements" and, therefore, the party "resisting arbitration" has the burden of demonstrating that the disputed claims are "unsuitable" for arbitration. *Green Tree Financial Corps.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). So, too, do they bear the burden of proving that the arbitration agreement is invalid or does not encompass the claims at issue. *Shivkov*, 974 F.3d at 1059; *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 937-38 (9th Cir. 2013). Where the scope of an arbitration clause is broad and far-reaching, as it is here, the FAA requires the court to find any dispute within that scope to be arbitrable—whether arising during the pendency of the contract, or after. *Chiron Corp.*, 207 F.3d at 1131; *Shivkov*, 974 F.3d at 1062-63.

**B. <u>A Valid Agreement to Arbitrate Exists</u>**

Internet agreements are enforceable in the Ninth Circuit where the user is required to affirmatively acknowledge the agreement before proceeding to use the website. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 476-77 (9th Cir. 2024); *Rangel*, 749 F. Supp. 3d at 1073-74; *Driskill*, 753 F. Supp. 3d at 844-45; *Rendon*, 747 F, Supp. 3d at 1319-20. As a matter of law, Plaintiff agreed to the Terms of Use because: (1) he had clear notice of the Terms of Use at the time he enrolled and had the opportunity to review them; (2) he was affirmatively told that clicking "Create Your Account" meant that he accepted and agreed to the Terms of Use Agreement; and (3) he clicked the button, which demonstrated his agreement to the Terms of Use. *Patrick*, 93 F.4th at 477 (where a site provides explicit notice of its terms of use

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

through a reasonably conspicuous hyperlink, and where the user is told that clicking a button will constitute assent to those terms, and the user affirmatively clicks that button, the user has agreed to the terms); *Houtchens v. Google LLC*, 649 F. Supp. 3d 933, 941-42 (C.D. Cal. 2023); *Rangel*, 749 F. Supp. 3d at 1073-74 (finding that Experian provided constructive notice of the Terms of Use because the hyperlink is readily apparent and because the user was informed that clicking the "Create Your Account" button would indicate assent to those terms); *Driskill*, 753 F. Supp. 3d at 845. Moreover, because Plaintiff had the opportunity to review the Terms of Use after being provided clear notice of them, he is deemed to assent to these terms, whether or not he has actually read them. *Houtchens*, 649 F. Supp. at 942. As federal courts in several circuits have concluded, the design and layout of the CreditWorks website placed users on notice that they were agreeing to be bound by the Terms of Use. *Austin v. Experian Information Solutions, Inc.*, 148 F.4th 194, 206 (4th Cir. 2025); *Lamonaco v. Experian Information Solutions, Inc.*, 141 F.4th 1343, 1348 (11th Cir. 2025); *Rangel*, 749 F. Supp. 3d at 1074; *Driskill*, 753 F. Supp. 3d at 846. This Court should similarly conclude that the CreditWorks website reasonably placed Plaintiff on notice that he was assenting to the Terms of Use Agreement and that, therefore, he is bound by that agreement.

### C. <u>Experian May Directly Enforce the Arbitration Agreement</u>

Experian is a party to the Arbitration Agreement and can, therefore, directly enforce its terms. *See, e.g., Bryant*, 763 F. Supp. 3d at 951 (finding that "Experian's ability to enforce the Arbitration Agreement is specifically contemplated within the terms of the Agreement" in finding that Experian was a party to the arbitration provision and may enforce its terms, citing *Meeks*, 2022 WL 17958634 at *2); *Driskill*, 753 F. Supp. 3d at 846-47; *Rangel*, 749 F. Supp. 3d at 1074. The text of the Agreement demonstrates this. The "Overview and Acceptance of Terms" section of the Terms of Use defines ECS to include its affiliates, such as Experian. Smith Decl. ¶ 11. The Arbitration Agreement contained within the Terms of Use does the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

*Id.* It includes a straightforward, bilateral promise: "ECS and you agree to arbitrate all disputes and claims between us that arise out of or relate to this agreement, which includes any Information you obtain through the Services or Websites, to the Maximum extent permitted by law[,]" Smith Decl., Ex. 3. The Agreement expressly applies to claims under the FCRA, and it clearly defines ECS to include "parent entities, subsidiaries, [and] affiliates (including Experian Information Solutions, Inc.)." *Id.* Experian is defined as part of ECS under the Arbitration Agreement and thus qualifies as a party entitled to enforce the Arbitration Agreement into which the Plaintiff entered. *Bryant*, 763 F. Supp. 3d at 951.

In short, by disclosing to users that they agreed to arbitrate with ECS's affiliates and required affirmative action by Plaintiff to assent to those terms, Plaintiff is bound by the Terms of Use Agreement and his claims against Experian must be arbitrated. *Id.*; *Driskill*, 753 F. Supp. 3d at 846-47; *Rangel*, 749 F. Supp. 3d at 1074.

### D. <u>It is for an Arbitrator to Decide Whether Plaintiff's Claims Should be Subject to Arbitration</u>

Experian has demonstrated that Plaintiff's claims fall within the scope of the Arbitration Agreement. Plaintiff alleges that Experian violated 16 U.S.C. §§ 1681i and 1681e(b), which concern the credit file information Experian delivered through the "Services" (Smith Decl. ¶ 14) provided in the contract between Plaintiff and Experian. However, assuming *arguendo* that there is a question of whether Plaintiff's claims fall within the scope of the Arbitration Agreement, that issue is to be decided by an arbitrator: "All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision[.]" Smith Decl., Ex. 3. Where, as here, the parties have a valid arbitration agreement that "delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 69 (2019); *Patrick*, 93 F.4th at 480-81; *Rendon*, 747 F. Supp. 3d at 1319-20. Because the CreditWorks Terms of

Use makes an unambiguous expression of intent to arbitrate arbitrability, any dispute as to arbitrability is for an arbitrator to decide.

**E. Experian Did Not Waive Its Right to Arbitrate**

Experian raised arbitration as an affirmative defense in its first responsive pleading (Dkt. 46 at 10-11). Once Experian confirmed Plaintiff's membership in CreditWorks, Experian promptly moved to compel arbitration. As the Ninth Circuit has recognized, "waiver of a contractual right to arbitrate is not favored" and a party who argues that the right to arbitrate has been waived "bears a heavy burden of proof." *Homestake Lead Co.*, 282 F. Supp. 2d at 1143 n. 5. Experian has acted consistently with its right to compel arbitration, by promptly moving to compel arbitration once it confirmed Plaintiff's CreditWorks membership, and Plaintiff will therefore suffer no prejudice because Experian did not delay in moving to compel. *Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d 1266, 1270-71 (9th Cir. 2002) *op. amended on other grounds on denial of reh'g by Sovak v. Chugai Pharmaceutical Co.*, 289 F.3d 615 (9th Cir. 2002); *see Homestake Lead Co.*, 282 F. Supp. 2d at 1143 (finding no waiver of arbitration rights where the party moving to compel arbitration had previously acquiesced to litigation for an earlier dispute); *Coleman v. Assurant, Inc.*, 508 F. Supp. 2d 862, 868 (D. Nev. 2007); *Sage Telecom Communications, LLC v. Iretas Groups, LLC*, No. CV1500716BROJPRX , 2015 WL 13919073, at *7 (C.D. Cal. Oct. 23, 2015) (finding that the defendants did not waive their right to compel arbitration, even though they knew about that right and acted inconsistently with that right by filing a suit and requesting injunctive relief pending trial, without acknowledging arbitrability, because plaintiff could not demonstrate any prejudice beyond financial expenses).

**IV. THE ACTION MUST BE STAYED PENDING ARBITRATION**

Section 3 of the FAA expressly provides that a district court "shall…stay the trial of the action until such arbitration had been had in accordance with the terms of the agreement." *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 473-74 (2024). It

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

does not permit a court to dismiss the case instead of issuing a stay. *Smith*, 601 U.S. at 474; *Rangel*, 749 F. Supp. 3d at 1075-76. A stay as to the claims against Experian is thereby warranted. The Court, in its discretion, may further decide that a stay of the entire action is appropriate, even though the other defendants are not parties to the arbitration agreement where, as here, the claims subject to arbitration are likely to require "the resolution of factual questions overlapping with those not subject to arbitration." *Bryant*, 763 F. Supp. 3d at 952. In Count I of his First Amended Complaint, Plaintiff plead violations of 15 U.S.C. § 1681i against Experian and the other two Credit Reporting Agencies ("CRAs") based on the same underlying accounts and alleged damages. Plaintiff pled violations of 15 U.S.C. § 1681e(b), again against all three CRAs, in Count II, again based on the same underlying accounts and alleged damages. Count III, which Plaintiff asserted against the data furnisher Defendants, is premised on the same disputed accounts. Dkt. 21 at 6-7. Plaintiff's causes of action all arise from his allegations that three Chase accounts and a Bank of America account were incorrectly reported by the furnishers and the CRAs, and that Plaintiff's credit was thereby negatively impacted.

Even though the co-defendants are not parties to the arbitration agreement, the Complaint alleges common circumstances that supposedly gave rise to Plaintiff's claims against all of the defendants; therefore, the court should stay the entire action pending completion of the arbitration.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Experian respectfully requests that the Court enter an Order granting this motion to compel arbitration and for a stay to be granted.

Dated: October 28, 2026

VENABLE LLP

*/s/ Shannon E. Beamer*
Shannon E. Beamer

*Attorneys for Defendant*
Experian Information Solutions, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned counsel of record for Defendants certifies that this brief contains 3,257 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 28, 2026

VENABLE LLP

/s/ *Shannon E. Beamer*
Shannon E. Beamer

*Attorneys for Defendant*
Experian Information Solutions, Inc.