**VENABLE LLP**
Shannon E. Beamer (SBN 331289)
Email: SEBeamer@Venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES D. ORR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and BANK OF AMERICA, N.A.,

Defendants.

Case No. 8:26-cv-01870-DOC-JDE

Hon. David O. Carter
Courtroom 10A

**DECLARATION OF DAN SMITH IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF AND MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

[*Notice of Motion and Motion to Compel Arbitration and to Stay Proceedings; Declaration of Sarah L. Scott; and [Proposed] Order filed concurrently herewith*]

Hearing Date: December 7, 2026
Hearing Time: 8:30 A.M.
Courtroom: 10A

Action Filed: July 13, 2026
Trial Date: None Set

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

# DECLARATION OF DAN SMITH

I, Dan Smith, declare and state:

1. I am over the age of 18 years old. I am the Senior Director of Business Governance for ConsumerInfo.com, Inc. ("CIC") in Costa Mesa, California. CIC also does business as Experian Consumer Services ("ECS"). I have been employed by CIC since January 2010. I make this declaration in support of Experian Information Solutions, Inc.'s Motion to Compel Arbitration.

2. Experian Information Solutions, Inc. ("Experian"), the named defendant in the above-captioned lawsuit, is an affiliate of CIC/ECS. CIC/ECS and Experian are both wholly-owned subsidiaries of Experian Holdings, Inc., and the parent company is Experian plc.

3. The facts stated in this Declaration are of my own personal knowledge, including knowledge acquired in the course and scope of my job responsibilities and through the review of pertinent data and documents maintained as business records by ECS in the course and scope of ECS's business, including ECS's internal records that store CreditWorks account information. If called upon to do so, I could and would competently testify to the facts stated below.

4. My duties at CIC include supporting the consumer enrollment process into CreditWorks and related services. These duties require that I be familiar with, among other things, how consumers enroll, the forms they must complete to enroll, as well as the Terms of Use governing such services. I must also be familiar with ECS's electronic databases that store consumer enrollment information, including the webpages a consumer would have encountered to complete their enrollment into CreditWorks, the personally identifiable information entered when enrolling, and date and time of the consumer's acceptance of the Terms of Use.

5. I am likewise familiar with ECS's internal records that document consumers' ongoing use of their CreditWorks account, including when a consumer

logs into their account or changes their account information, as well as any time a consumer receives an email or alert through their CreditWorks membership.

6. Based on my familiarity with the CreditWorks enrollment process and ECS's databases that store consumer account information, I retrieved this consumer's CreditWorks membership information from ECS's databases upon receipt of this consumer's personally identifiable information. Reviewing this consumer's CreditWorks information, I confirmed the consumer's membership details, such as the date and time of enrollment and the version of the Terms of Use they agreed to.

7. Based upon my review of CIC's membership enrollment data maintained in the regular course of business, including data specific to Plaintiff's membership, on May 7, 2024, Plaintiff enrolled in CreditWorks. In order to successfully enroll, Plaintiff had to complete a webform. The webform required Plaintiff to enter his personal information—*e.g.*, his name, address, and e-mail address—as well as a password. Below the password field was the following disclosure: "By clicking "Create Your Account": I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy." A true and correct representation of the webform, including the input fields and the disclosure, as it would have appeared when Plaintiff enrolled in CreditWorks is attached as **Exhibit 1** to this Declaration.

8. The phrase "Terms of Use Agreement" in the disclosure above was off-set in blue text and, if clicked, would have presented the consumer with the full text of the agreement. That is, the phrase "Terms of Use Agreement" in the disclosure was a full text hyperlink to the Terms of Use.

9. Thus, before clicking the "Create Your Account" button, the consumer could view the entire text of the Terms of Use Agreement by clicking on the blue-highlighted hyperlink "Terms of Use Agreement." When a consumer clicked on the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

"Terms of Use Agreement" hyperlink, an additional window would open within the consumer's web browser containing the entire text of the Terms of Use Agreement. Immediately below the disclosure was a large purple button that reads: "Create Your Account." The webform, the disclosure, and the button appeared on a single webpage.

10. After entering his information, Plaintiff clicked the "Create Your Account" button, thereby accepting and agreeing to the Terms of Use Agreement. Plaintiff would not have been able to successfully enroll in CreditWorks unless he clicked that button. A true and correct copy of the Terms of Use Agreement that was in effect when Plaintiff enrolled in CreditWorks is attached as **Exhibit 2** to this Declaration. After enrolling, Plaintiff used the service, including after the version of the Terms of Use in effect at the time he filed this lawsuit came into effect. A true and correct copy of the Terms of Use Agreement in effect at the time Plaintiff filed his lawsuit is attached as **Exhibit 3** to this Declaration.

11. Every version of the Terms of Use that was in effect during Plaintiff's enrollment in CreditWorks contains an Arbitration Agreement, which requires him to arbitrate, among other things, all claims against "ECS" that "relate to" or "arise out of" his agreement. The Arbitration Agreement defines "ECS" to include its "affiliates." So does the "Overview and Acceptance of Terms" section of the contract. During the entire time that Plaintiff has been enrolled in CreditWorks, Experian has been an affiliate of ECS. By including Experian (an affiliate) within the definition of "ECS," the Terms of Use make Experian a party to the contract, as well as a party to the Arbitration Agreement contained within the contract.

12. Moreover, by including Experian within the "Overview and Acceptance of Terms" section, as well as within the definition of ECS in the Arbitration Agreement, the parties intended for Experian to benefit under the

contract. Additionally, the Arbitration Agreement expressly incorporates the AAA rules.

13. Every version of the Terms of Use Agreement in effect during Plaintiff's enrollment also has a section entitled "Amendments," which advised him that he would be bound by the then-current Terms of Use each time he "order[ed], access[ed], or use[d]" any of the Services or Websites described in the agreement: "Each time you order, access or use any of the Services or Websites, you signify your acceptance and agreement, without limitation or qualification, to be bound by the then current Agreement." Plaintiff continued to use the CreditWorks service, thereby accepting the amended Terms of Use in the manner called out in the contract.

14. At all times relevant to this action, Experian contributed to the services that CreditWorks subscribers receive by providing regular access to how information appears in their Experian credit files, including changes to their credit file information. Further, all CreditWorks subscribers are required to provide written authorization under the FCRA to obtain their credit report and/or credit score(s) on a recurring basis from Experian through CreditWorks. The Terms of Use cover the provision of "Services," which is defined to include service to which Experian contributed as the provider of credit information—including CreditWorks and the provision of "credit report(s), credit risk score(s), credit monitoring, credit score monitoring and credit score tracking (including all the data and information contained therein), [and] the receipt of any alerts notifying [consumers] of changes to the information contained in [their] credit report(s)."

I declare, under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct.

Executed this 16th day of October 2026, in Costa Mesa, California.

Dan Smith

DAN SMITH

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900