James D. Orr (Pro Se)
Cypress, California
Tel.: (406) 890-1929
Email: jdjames.orr@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
11/02/26
CENTRAL DISTRICT OF CALIFORNIA
BY pd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D. ORR,<br>Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES LLC;<br>TRANSUNION LLC;<br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION;<br>and BANK OF AMERICA, N.A.,<br>Defendants. | **Case No. 8:26-cv-01870-DOC-JDE**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS COUNT III; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: December 7, 2026<br>Time: 8:30 a.m.<br>Courtroom: 10A<br>Judge: David O. Carter |

Document date: November 1, 2026

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 5

II. THE PLEADING STANDARD ........ 6

III. THE FAC'S REPORTING ALLEGATIONS ARE NOT LIMITED TO SUNRISE'S INVOLVEMENT ........ 7

IV. CRA NOTICE IS ALLEGED, AND A VERIFICATION DOES NOT ESTABLISH REASONABLE PERFORMANCE ........ 9

V. NEGLIGENCE AND WILLFULNESS HAVE DISTINCT REQUIREMENTS AND REMEDIES ........ 11

VI. THE FAC ALLEGES PERSONAL HARM; BANA NEED NOT BE ITS SOLE CAUSE ........ 12

VII. ALTERNATIVELY, THE COURT SHOULD PERMIT A SUPPORTED AMENDMENT ........ 14

VIII. CONCLUSION ........ 17

**TABLE OF AUTHORITIES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........ 6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........ 6

Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003) ........ 16

Burnell v. Marin Humane Society, 2015 WL 6746818 (N.D. Cal. Nov. 5, 2015) ........ 13

Carvalho v. Equifax Information Services, LLC, 629 F.3d 876 (9th Cir. 2010) ........ 8

Connolly v. Remkes, 2014 WL 5473144 (N.D. Cal. Oct. 28, 2014) ........ 13

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) ........ 14

Erickson v. Pardus, 551 U.S. 89 (2007) ........ 6

Foman v. Davis, 371 U.S. 178 (1962) ........ 14

Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009) ........ 7, 9, 11

Grigoryan v. Experian Information Solutions, Inc., 84 F. Supp. 3d 1044 (C.D. Cal. 2014) ........ 12

Gross v. CitiMortgage, Inc., 33 F.4th 1246 (9th Cir. 2022) ........ 7, 8, 10, 13

Guimond v. Trans Union Credit Information Co., 45 F.3d 1329 (9th Cir. 1995) ........ 12

Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010) ........ 6

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc) ........ 14

Moran v. The Screening Pros, LLC, 25 F.4th 722 (9th Cir. 2022) ........ 11

Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007) ........ 11

Schneider v. California Department of Corrections, 151 F.3d 1194 (9th Cir. 1998) ........ 16

Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) ........ 12

15 U.S.C. § 1681i(a)(2) ........ 9

15 U.S.C. § 1681s-2(b) ........ 9

15 U.S.C. § 1681n ........ 11

15 U.S.C. § 1681o ........ 11

Federal Rule of Civil Procedure 8 ........ 5, 6, 11

Federal Rule of Civil Procedure 15(a)(2) ........ 14, 16

C.D. Cal. Local Rules 15-1 and 15-2 ........ 17

## I. INTRODUCTION

Bank of America, N.A. ("BANA") asks the Court to dismiss Count III with prejudice. Its motion reads the First Amended Verified Complaint ("FAC") too narrowly and treats a reported verification as proof of a reasonable investigation. The FAC names BANA in its inaccurate-reporting allegations, alleges disputes through the consumer reporting agencies ("CRAs"), expressly alleges CRA notice to BANA, and alleges that BANA continued inaccurate reporting after an unreasonable investigation. FAC, Factual Allegations A.1–2, B.1, D.1–3; Count III.2–4, ECF 21 at 3–4, 7, Page ID 64–65, 68.

Equifax's attributed statement that BANA "verified" the status does not establish what BANA received, reviewed, or investigated. Nor does it establish that the disputed information was accurate. The Court should evaluate the alleged reporting errors, dispute sequence, and resulting injuries together under Rule 8 rather than draw a dispositive inference in BANA's favor from the verification label.

The FAC also alleges consequences beyond an abstract damages label: emotional distress contributing to employment leave and lost wages, treatment costs, and correction expenses. FAC F.1(d)–(f), ECF 21 at 5, Page ID 66.

Those allegations must be evaluated under the FCRA's injury and causation

requirements, not a requirement that BANA be the only cause of every injury. Plaintiff seeks denial of the motion or, alternatively, leave to clarify the existing claim with supported particulars rather than dismissal with prejudice.

## II. THE PLEADING STANDARD

Rule 8 requires facts supporting a plausible claim, not trial proof attached to the complaint. Well-pleaded facts are accepted as true and reasonable inferences drawn in Plaintiff's favor; legal conclusions alone do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). An unrepresented litigant must meet that standard, but the pleading receives liberal construction and the benefit of doubt. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

The FAC is ECF 21, filed August 14, 2026. Citations identify the relevant heading and paragraph. This opposition concerns only Count III as asserted against BANA; it does not seek judgment against BANA or disposition of claims against other defendants.

**III. THE FAC'S REPORTING ALLEGATIONS ARE NOT LIMITED TO SUNRISE'S INVOLVEMENT**

BANA argues that the FAC identifies no inaccurate or misleading BANA information and alleges only that Sunrise serviced an account BANA continued reporting as charged off. Mot. at 11–12, ECF 49, Page ID 214–15. That characterization overlooks the broader reporting allegations. Paragraph A.1 identifies both Chase and BANA. Paragraph A.2 expressly assigns duplicate charged-off tradelines to Chase, but also identifies conflicting high-balance and credit-limit reporting, delinquency-date errors, advancement of past-due status, and reporting closed accounts as actively past due. Those remaining categories are not expressly confined to Chase. Read with Parties paragraph 6 and D.3, they concern a disputed BANA revolving-account entry as well as the Chase reporting. ECF 21 at 2–4, Page ID 63–65.

The governing standard includes information that is patently incorrect or materially misleading in a manner expected to affect credit decisions. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009). Gross v. CitiMortgage, Inc., 33 F.4th 1246 (9th Cir. 2022), applies the threshold-inaccuracy requirement to furnisher claims. Official slip op. at 8–9. Accordingly, the question is whether the alleged BANA information was false

or materially misleading in context—not simply whether the account had been charged off or whether Plaintiff owed an obligation.

Plaintiff does not contend that third-party servicing alone establishes a sale, extinguishes the balance, or requires replacement of an original-creditor tradeline with a collection tradeline. A charge-off does not by itself require a zero balance, and a closed account's delinquency is not automatically false. The challenged information must instead be tested against the account facts and its material effect on the report. The FAC should not be reduced to the automatic servicing theory merely because its BANA-specific narrative also describes Sunrise.

Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 890–92 (9th Cir. 2010), supports requiring actual inaccuracy and distinguishes CRA reinvestigation from adjudication of collateral debt-validity disputes. It does not make a furnisher's verification conclusive. Gross explains that furnishers may be better positioned than third-party CRAs to examine questions of legal significance concerning their own accounts. Official slip op. at 11. Plaintiff seeks application of the reporting-accuracy and investigation requirements, not cancellation of an otherwise valid debt merely because it is disputed. The alternative request in Section VII addresses any need to connect the FAC's

field categories more specifically to BANA.

**IV. CRA NOTICE IS ALLEGED, AND A VERIFICATION DOES NOT ESTABLISH REASONABLE PERFORMANCE**

Section 1681s-2(b)(1) requires an investigation after notice under § 1681i(a)(2), review of relevant information supplied by the CRA, reporting of results, and appropriate action concerning incomplete, inaccurate, or unverifiable information. 15 U.S.C. § 1681s-2(b)(1)(A)–(E). Direct consumer notice alone does not trigger these duties. Gorman, 584 F.3d at 1154.

The FAC alleges the required CRA pathway. Paragraph B.1 identifies written disputes to the CRAs. Paragraph D.3 expressly alleges BANA received notice from those CRAs, then failed reasonably to investigate and continued verification of inaccurate reporting. Count III.2 repeats CRA notice, and Count III.3 alleges failure to review the relevant information and correct the reporting. ECF 21 at 3–4, 7, Page ID 64–65, 68. Plaintiff relies on that alleged sequence, not on the March 7 direct BANA letter as a substitute for CRA notice.

BANA argues that Equifax's reported verification affirmatively undermines the investigation claim. Mot. at 12–13, ECF 49, Page ID 215–16. But FAC E.2 attributes the statement to Equifax; it does not adopt BANA's accuracy conclusion or concede statutory compliance. Gorman requires a reasonable,

non-cursory inquiry measured substantially against the information in the CRA notice. 584 F.3d at 1156–57. An unfavorable result does not itself establish an unreasonable investigation, id. at 1161, but neither does the word “verified” establish reasonable performance.

Gross likewise evaluates reasonableness against the actual dispute and investigation. Official slip op. at 7–8, 11–12. Both decisions considered summary-judgment records. Their fact-dependent holdings do not require dismissal merely because a CRA reported the furnisher’s favorable conclusion.

The FAC alleges continued reporting errors after CRA notice; whether those facts adequately identify the error and investigative failure is a pleading question, not an issue conclusively answered by the verification label.

Plaintiff does not assume that a January CRA submission described the later January 16 Sunrise email or that every enclosure reached BANA. The relevant notice must concern the actual reporting error at issue. Internal transmission records need not be attached as trial proof, but the alleged notice and breach must be assessed concerning that dispute. Section VII identifies the existing correspondence available to clarify the sequence without inventing an internal referral date or its contents.

## V. NEGLIGENCE AND WILLFULNESS HAVE DISTINCT REQUIREMENTS AND REMEDIES

The FAC pleads willfulness or, alternatively, negligence. Count III.4. Rule 8(d)(2)–(3) permits alternative theories. Negligence under 15 U.S.C. § 1681o requires actual damages caused by noncompliance. Willfulness under § 1681n includes knowing or reckless noncompliance. Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 57, 68–70 (2007). Repeated disputes or continued negative reporting do not automatically establish either mental state.

Moran v. The Screening Pros, LLC, 25 F.4th 722, 728–31 (9th Cir. 2022), addresses objectively reasonable interpretation of an ambiguous reporting provision. That defense is not established here merely by Equifax's reported verification. Count III concerns performance of the duty to investigate reasonably after CRA notice. Gorman, 584 F.3d at 1157. BANA's asserted result neither proves reasonable performance nor eliminates the need to evaluate the allegations of breach against the disputed information.

If willful noncompliance is plausibly pleaded, § 1681n(a)(1)(A) permits actual damages or statutory damages of $100 to $1,000; subsection (a)(2) permits punitive damages as the Court allows. A deficiency in quantifying actual losses does not alone defeat that distinct statutory-damages theory. The remedy does

not establish willfulness, guarantee recovery, or dispense with concrete injury. See Spokeo, Inc. v. Robins, 578 U.S. 330, 339–43 (2016). Plaintiff asks that the alternative theories be analyzed separately rather than dismissed together solely because particular damages have not yet been allocated.

## VI. THE FAC ALLEGES PERSONAL HARM; BANA NEED NOT BE ITS SOLE CAUSE

The FAC alleges anxiety, depression, and mental anguish contributing to stress-related employment leave and lost income; treatment costs caused by continued refusal to correct reporting; and reputational harm and correction expenses. FAC F.1(d)–(f), ECF 21 at 5, Page ID 66. These are alleged consequences of the violations, not simply a demand for damages unconnected to any personal effect.

Emotional distress and humiliation may constitute FCRA actual damages, and denial of credit is not a categorical prerequisite. Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333–34 (9th Cir. 1995). BANA's cited Grigoryan v. Experian Information Solutions, Inc., 84 F. Supp. 3d 1044 (C.D. Cal. 2014), discussion entitled "Emotional Distress Damages," likewise recognizes firsthand descriptions of distress without categorically requiring corroborating medical or psychological evidence. Its separate treatment of

medically complex causation does not impose that requirement on ordinary emotional distress.

Burnell v. Marin Humane Society, 2015 WL 6746818, at *23 (N.D. Cal. Nov. 5, 2015), and Connolly v. Remkes, 2014 WL 5473144, at *13 (N.D. Cal. Oct. 28, 2014), concern state emotional-distress torts. Their factual-specificity reasoning does not add those torts' distinct elements to this FCRA claim. The question remains whether the FAC plausibly alleges an injury caused by BANA's violation, with its stated work, treatment, and correction consequences considered rather than ignored.

BANA argues that the damages are pleaded collectively and cannot be isolated from other derogatory information. Mot. at 14–15, ECF 49, Page ID 217–18. Plaintiff must plausibly connect harm to BANA's own violation, but need not allege BANA was the only source of negative information or distress. Gross rejected the proposition that other derogatory entries necessarily displaced the furnisher's causal role on the record there. Official slip op. at 12–13. That holding does not supply missing facts here; it does foreclose treating multiple stressors as an automatic bar.

The BMW allegation identifies a TransUnion report and general delinquency and revolving-balance factors. The Bilt allegation identifies adverse factors.

FAC F.1(a), (c). Those factors alone do not identify a particular erroneous BANA field. Plaintiff's emotional-distress theory therefore must also be evaluated independently of whether a particular denial can be traced to BANA. The alleged injury is the distress and consequences caused or aggravated by the actionable continuation of inaccurate reporting after notice—not automatic recovery for every consequence of the underlying debt.

## VII. ALTERNATIVELY, THE COURT SHOULD PERMIT A SUPPORTED AMENDMENT

Rule 15(a)(2) directs that leave be freely given when justice requires. Relevant considerations include prejudice, undue delay, bad faith, repeated failure to cure, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit applies that policy with extreme liberality and gives prejudice the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003). Especially for an unrepresented litigant, leave ordinarily should be allowed unless other facts could not cure the pleading. Lopez v. Smith, 203 F.3d 1122, 1127, 1130–31 (9th Cir. 2000) (en banc).

The prior amendment corrected entity identities before service. FAC, Introduction.2, ECF 21 at 2, Page ID 63. It was not a failed effort to cure these merits objections after an adverse ruling. BANA's request for dismissal with

prejudice does not establish that the identified omissions are necessarily incurable.

For curability purposes only, Plaintiff identifies existing facts and records that can particularize the dispute and response sequence. The Equifax dispute dated January 7 identifies BANA separately and challenges account dates, status, current and past-due balances, credit-limit/high-credit information, payment history, and reporting/payment dates. The March 7 Equifax follow-up requests missing results and verification information; it does not expressly set out a new Sunrise-status dispute. These documents support a more particular description of what was submitted, without treating their dates as proven receipt or referral dates.

Equifax's March 26 CFPB response reports that BANA supplied information, verified current status and prior paying history, and modified closed date, scheduled payment, additional information, and account history. Plaintiff does not contend that no changes occurred. Those records can clarify communications about the BANA item; neither the reported changes nor the verification conclusively establishes accuracy or a reasonable investigation. A supported amendment must identify the actual incorrect or materially misleading information and explain any error remaining after the response, not

merely repeat a list of disputed fields or the Sunrise-servicing inference.

Plaintiff also offers, for curability purposes, his personal account that the debt and associated credit-reporting inaccuracies are a primary reason for the stress that led to his leave of absence from work. That account clarifies the FAC's existing distress-and-leave allegations. It is not a physician's attribution of all injury to BANA or an assertion that BANA alone caused the leave. Any amendment particularizing this theory must connect BANA's alleged post-notice failure to the harm it caused or aggravated and distinguish firsthand effects from treatment expenses and net wage loss requiring separate support.

New facts in opposition do not silently amend the FAC. Schneider v. California Department of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). They may be considered for whether leave should be granted. Broam v. Bogan, 320 F.3d 1023, 1028 n.2 (9th Cir. 2003). Plaintiff requests that limited consideration, not conversion to summary judgment or a merits determination on outside materials. This proffer identifies available clarifications; it does not establish the correct account values or promise that internal records necessarily will prove a violation.

If the Court finds the current allegations insufficient, Plaintiff requests leave under Rule 15(a)(2) for a complete amended pleading containing supported,

BANA-specific allegations, consistent paragraph numbering, and a clear causal account. Plaintiff will comply with the Court's order and Local Rules 15-1 and 15-2. The requested relief is an opportunity to cure supported omissions, not permission to assert speculative account facts or an assumed second amendment as of course.

**VIII. CONCLUSION**

Plaintiff respectfully requests denial of BANA's motion to dismiss. Alternatively, Plaintiff requests that any dismissal of Count III as to BANA be without prejudice and with leave to amend within a reasonable period set by the Court. The disposition should remain limited to the claim and defendant presented in ECF 49.

Respectfully submitted,

Document date: November 1, 2026

Date signed: November 2, 2026

Signature: James D. Orr

James D. Orr, Plaintiff in Pro Se

**CERTIFICATE OF COMPLIANCE — L.R. 11-6.2**

The undersigned, Plaintiff appearing in pro se, certifies that this brief contains 2,366 words, including headings and excluding the caption, tables of contents and authorities, signature block, and this certificate, and complies with the word limit of L.R. 11-6.1.

Date signed: 11/2/2026

Signature: *James D. Orr*

James D. Orr, Plaintiff in Pro Se