FILED
CLERK, U.S. DISTRICT COURT
11/3/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

James D. Orr, Pro Se
Cypress, CA 90630
Telephone: (406) 890-1929
Email: jdjames.orr@gmail.com
Plaintiff, appearing without counsel

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

JAMES D. ORR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

Case No. 8:26-cv-01870-DOC-JDE

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

ECF No. 52

Hearing: December 7, 2026

Time: 8:30 a.m.

Courtroom: 10A

Hon. David O. Carter

**TABLE OF CONTENTS**

I. INTRODUCTION … 11

II. THE COURT MUST APPLY ORDINARY CONTRACT-FORMATION RULES BEFORE ENFORCING ARBITRATION OR DELEGATION … 12

III. THE ORIGINAL ENROLLMENT EVIDENCE REQUIRES AN OBJECTIVE NOTICE DETERMINATION, NOT AN ASSUMPTION BASED ON ACCOUNT OWNERSHIP … 13

A. Plaintiff accurately acknowledges Smith's records-based testimony and the limits of Plaintiff's recollection. … 13

B. The actual exhibit, rather than a compressed description of it, supplies the notice context. … 14

C. Experian's favorable online-contract decisions do not replace application of the controlling standard to this exhibit. … 16

D. If additional historical evidence is necessary, discovery should be confined to material formation questions. … 17

IV. LATER USE DOES NOT BY ITSELF ESTABLISH ACCEPTANCE OF THE NOVEMBER 2025 REVISION … 18

V. EXPRESS AFFILIATE AND DELEGATION LANGUAGE MUST BE ADDRESSED IN THE AGREEMENT ACTUALLY ESTABLISHED … 19

A. Experian’s enforcement theory is derivative of formation, not defeated merely by corporate separateness. … 20

B. Plaintiff specifically challenges formation of the asserted delegation, not merely the merits of the FCRA claims. … 20

C. Statutory reporting duties and contractual service scope should not be collapsed. … 21

VI. EXPERIAN’S WAIVER DISCUSSION USES AN OUTDATED STANDARD, BUT THE ANSWER ALONE DOES NOT ESTABLISH WAIVER … 22

VII. ANY ARBITRATION STAY SHOULD NOT AUTOMATICALLY EXTEND TO THE OTHER DEFENDANTS … 23

VIII. REQUESTED DISPOSITION … 25

Certificate of Compliance with Local Rule 11-6.2 … 27

# TABLE OF AUTHORITIES

## Cases


Adams v. AT & T Mobility, LLC
524 F. App’x 322 (9th Cir. 2013) … 20

Ahlstrom v. DHI Mortgage Co.
21 F.4th 631, 635–36 (9th Cir. 2021) … 13, 20, 21

Armstrong v. Michaels Stores, Inc.
59 F.4th 1011 (9th Cir. 2023) … 22, 23

AT&T Mobility LLC v. Concepcion
563 U.S. 333, 344 (2011) … 12

Austin v. Experian Information Solutions, Inc.
148 F.4th 194, 206–09 (4th Cir. 2025) … 16

Berman v. Freedom Financial Network, LLC
30 F.4th 849, 855–58 (9th Cir. 2022) … 12, 14, 16, 25

Brennan v. Opus Bank
796 F.3d 1125, 1130–31 (9th Cir. 2015) … 21

Bryant v. JPMorgan Chase Bank, N.A.
763 F. Supp. 3d 946, 948–51 (C.D. Cal. 2025) … 16, 20, 24

Chabolla v. ClassPass Inc.
129 F.4th 1147, 1153–58 (9th Cir. 2025) … 12, 15, 16, 25

Chiron Corp. v. Ortho Diagnostic Systems, Inc.
207 F.3d 1126 (9th Cir. 2000) … 13

Coleman v. Assurant, Inc.
508 F. Supp. 2d 862 (D. Nev. 2007) … 22

Driskill v. Experian Information Solutions, Inc.
753 F. Supp. 3d 839, 844–47 (N.D. Cal. 2024) … 16, 20

Ferguson v. Corinthian Colleges, Inc.
733 F.3d 928 (9th Cir. 2013) … 13

Granite Rock Co. v. International Brotherhood of Teamsters
561 U.S. 287, 299–301 (2010) … 12

Green Tree Financial Corp.-Alabama v. Randolph
531 U.S. 79, 91–92 (2000) … 12

Hansen v. LMB Mortgage Services, Inc.
1 F.4th 667, 670–72 (9th Cir. 2021) … 26

Henry Schein, Inc. v. Archer & White Sales, Inc.
586 U.S. 63, 68–69 (2019) … 13, 21

Homestake Lead Co. of Missouri v. Doe Run Resources Corp.
282 F. Supp. 2d 1131 (N.D. Cal. 2003) … 13, 22

Houtchens v. Google LLC
649 F. Supp. 3d 933, 939–42 (N.D. Cal. 2023) … 16

Knapke v. PeopleConnect, Inc.
38 F.4th 824 (9th Cir. 2022) … 18

Lamonaco v. Experian Information Solutions, Inc.
141 F.4th 1343, 1346–49 (11th Cir. 2025) … 16

Leyva v. Certified Grocers of California, Ltd.
593 F.2d 857, 863–64 (9th Cir. 1979) … 24

Lockyer v. Mirant Corp.
398 F.3d 1098, 1110–12 (9th Cir. 2005) … 24

Meeks v. Experian Information Services, Inc.
2022 WL 17958634 (9th Cir. Dec. 27, 2022) … 20

Monzon v. Southern Wine & Spirits of California
834 F. Supp. 2d 934 (N.D. Cal. 2011) … 13

Morgan v. Sundance, Inc.
596 U.S. 411, 415–19 (2022) … 16, 22

Patrick v. Running Warehouse, LLC
93 F.4th 468, 475–77 (9th Cir. 2024) … 16, 21

Rangel v. Experian Information Solutions, Inc.
749 F. Supp. 3d 1067, 1072–74 (E.D. Cal. 2024) … 16

Rendon v. T-Mobile USA, Inc.
747 F. Supp. 3d 1314, 1319–20 (C.D. Cal. 2024) … 16

Sage Telecom Communications, LLC v. Iretas Groups, LLC
2015 WL 13919073 (C.D. Cal. Oct. 23, 2015) … 22

Shivkov v. Artex Risk Solutions, Inc.
974 F.3d 1051 (9th Cir. 2020) … 12

Simula, Inc. v. Autoliv, Inc.
175 F.3d 716 (9th Cir. 1999) … 13

Smith v. Spizzirri
601 U.S. 472, 475–78 (2024) … 23

Sovak v. Chugai Pharmaceutical Co.
280 F.3d 1266 (9th Cir. 2002), amended, 289 F.3d 615 (9th Cir. 2002) … 22

Stover v. Experian Holdings, Inc.
978 F.3d 1082, 1086–89 (9th Cir. 2020) … 19

United Steelworkers of America v. Warrior & Gulf Navigation Co.
363 U.S. 574 (1960) … 13


**Statutes and Rules**


9 U.S.C. § 3 … 23

9 U.S.C. § 4 … 12, 26

Ninth Circuit Rule 36-3 … 20

Local Rule 11-6.1 … 27

Local Rule 11-6.2 … 27

**I. INTRODUCTION**

Plaintiff James D. Orr respectfully opposes Experian Information Solutions, Inc.’s (“Experian”) motion to compel arbitration and stay proceedings. Experian’s exhibits contain arbitration provisions. The issue is whether the particular agreement Experian invokes was formed through legally sufficient notice and assent, whether its later revision became binding, and whether any resulting arbitration justifies stopping the claims against all other defendants.

Plaintiff does not deny having an Experian account or his confirmed later sign-ins. Nor does he contend that failure to anticipate inaccurate reporting or future litigation, by itself, invalidates a prospective arbitration agreement. His objection to original formation concerns the actual enrollment display under the Ninth Circuit’s objective notice standard. His separate objection to the November 2025 revision concerns the absence of identified notice of changed terms—not the absence of later account access.

Experian’s evidence and favorable authorities must be considered, but neither federal arbitration policy nor delegation eliminates the Court’s antecedent contract-formation inquiry. Plaintiff requests denial if the Court finds the submitted enrollment notice legally insufficient. Alternatively, any relief should rest on the agreement actually established, and the Court should deny an automatic, action-wide stay.

## II. THE COURT MUST APPLY ORDINARY CONTRACT-FORMATION RULES BEFORE ENFORCING ARBITRATION OR DELEGATION

The Federal Arbitration Act (“FAA”) enforces an agreement the parties made. Under 9 U.S.C. § 4, the Court must be satisfied that an arbitration agreement was made before directing compliance with it. The presumption concerning the scope of a formed agreement does not supply formation. Granite Rock Co. v. International Brotherhood of Teamsters, 561 U.S. 287, 299–301 (2010).

Under California contract law as applied by the Ninth Circuit, absent actual knowledge, an online agreement requires reasonably conspicuous notice and conduct unambiguously manifesting assent. Berman v. Freedom Financial Network, LLC, 30 F.4th 849, 855–58 (9th Cir. 2022). A hyperlink and a click are not sufficient in the abstract; the display must adequately communicate that the action accepts the terms. The inquiry considers the visual design and transaction context. Chabolla v. ClassPass Inc., 129 F.4th 1147, 1153–58 (9th Cir. 2025).

These principles answer Experian’s policy and burden discussion in Sections I and III.A. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011), concerns enforcement according to contractual terms, not dispensing with assent. Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91–92 (2000), concerns proof of prohibitive arbitration costs; it does not place on Plaintiff the initial burden of disproving contract formation. Likewise, the scope and enforceability rules in Shivkov v. Artex Risk Solutions, Inc., 974 F.3d 1051 (9th Cir. 2020),

Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928 (9th Cir. 2013), Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126 (9th Cir. 2000), Simula, Inc. v. Autoliv, Inc., 175 F.3d 716 (9th Cir. 1999), Monzon v. Southern Wine & Spirits of California, 834 F. Supp. 2d 934 (N.D. Cal. 2011), United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960), and Homestake Lead Co. of Missouri v. Doe Run Resources Corp., 282 F. Supp. 2d 1131 (N.D. Cal. 2003) do not establish that this enrollment interface created a contract. ECF No. 52, memorandum pp. 1–2, 5–6.

The same threshold applies to delegation. Parties cannot delegate whether an arbitration agreement was formed. Ahlstrom v. DHI Mortgage Co., 21 F.4th 631, 635–36 (9th Cir. 2021). Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 68–69 (2019), requires enforcement of a valid delegation, but preserves the antecedent inquiry whether an agreement exists.

## III. THE ORIGINAL ENROLLMENT EVIDENCE REQUIRES AN OBJECTIVE NOTICE DETERMINATION, NOT AN ASSUMPTION BASED ON ACCOUNT OWNERSHIP

### A. Plaintiff accurately acknowledges Smith's records-based testimony and the limits of Plaintiff's recollection.

Experian's numbered facts 1–8 rely on Dan Smith's declaration. Smith identifies his responsibilities and familiarity with enrollment databases, states that he

retrieved Plaintiff's membership information, identifies May 7, 2024 as the enrollment date, links that enrollment to the December 2023 terms, and states that successful enrollment required clicking "Create Your Account." ECF No. 52-1 ¶¶ 3–10. Exhibit 1 is his representation of the historical webform. ECF No. 52-2 at 2.

Plaintiff received and reviewed the May 7, 2024 welcome email. He does not now recall the particular registration screen, click, or linked terms. Orr Decl. ¶¶ 2–3. That lack of recollection is not an affirmative factual denial and does not, standing alone, establish a genuine factual dispute. Plaintiff also does not contend that a records-based declaration is legally inadequate merely because an underlying click log is not attached. The dispositive objection is whether the display Experian itself submits satisfies the legal notice requirement.

**B. The actual exhibit, rather than a compressed description of it, supplies the notice context.**

Plaintiff acknowledges that Exhibit 1 contains a blue "Terms of Use Agreement" hyperlink and expressly states: "By clicking 'Create Your Account': I accept and agree to your Terms of Use Agreement." Those features favor Experian on the assent element. The question remains whether the notice is reasonably conspicuous in the full display. Berman, 30 F.4th at 856–58.

The notice appears in comparatively small text beneath the registration fields and credit-score explanatory text. Between that notice and the large purple

account-creation button, the exhibit displays a separate recurring-credit-report authorization, several explanatory bullet points, and an authorization-withdrawal statement. ECF No. 52-2 at 2. Smith describes the button as “[i]mmediately below the disclosure,” but the exhibit shows that intervening material. ECF No. 52-1 ¶ 9. Plaintiff asks the Court to evaluate the actual sequence and relative prominence, not to treat the description as eliminating those features. This is an issue of notice context, not an accusation that Smith fabricated the exhibit.

The surrounding page prominently advertises free credit reports and scores, monitoring, and other benefits. A continuing account relationship can support an expectation of terms; Plaintiff does not deny that consideration. But it does not replace examining whether this notice was sufficiently prominent. Chabolla, 129 F.4th at 1153–57. A blue hyperlink is a relevant feature, not a universally sufficient design rule. Plaintiff submits that the relative size, placement, and intervening authorization material warrant finding this notice insufficient under the contextual inquiry.

Plaintiff does not assert that the historical page differed from Exhibit 1, that the link was inaccessible, or that the terms were hidden below his device’s screen. Those facts have not been established. His argument applies to the face of Experian’s own exhibit.

**C. Experian's favorable online-contract decisions do not replace application of the controlling standard to this exhibit.**

Patrick v. Running Warehouse, LLC, 93 F.4th 468, 475–77 (9th Cir. 2024), enforced an agreement on a clear, legible, uncluttered purchase display with notice tied to the action. It applies Berman; it does not establish that every account-creation display is enforceable. Chabolla subsequently confirms the contextual inquiry. Neither case requires a checkbox, blue lettering in every instance, or proof that the consumer actually read every contractual provision.

Rangel v. Experian Information Solutions, Inc., 749 F. Supp. 3d 1067, 1072–74 (E.D. Cal. 2024), Driskill v. Experian Information Solutions, Inc., 753 F. Supp. 3d 839, 844–47 (N.D. Cal. 2024), and Bryant v. JPMorgan Chase Bank, N.A., 763 F. Supp. 3d 946, 948–51 (C.D. Cal. 2025), substantially favor Experian on comparable records. Plaintiff does not claim that simply opposing formation distinguishes their evidentiary results. He requests application of the Ninth Circuit standard to the identified display here.

Houtchens v. Google LLC, 649 F. Supp. 3d 933, 939–42 (N.D. Cal. 2023), involved a different interface and mandatory checkbox. Austin v. Experian Information Solutions, Inc., 148 F.4th 194, 206–09 (4th Cir. 2025), and Lamonaco v. Experian Information Solutions, Inc., 141 F.4th 1343, 1346–49 (11th Cir. 2025), are persuasive decisions applying their respective records and state-law frameworks, not controlling Ninth Circuit authority. Rendon v. T-Mobile USA,

Inc., 747 F. Supp. 3d 1314, 1319–20 (C.D. Cal. 2024), cannot displace the threshold formation inquiry either. These cases support enforcing adequately proved online agreements; they do not dispense with the inquiry Plaintiff raises.

**D. If additional historical evidence is necessary, discovery should be confined to material formation questions.**

Plaintiff principally requests a legal determination on Experian's submitted display. Alternatively, if the Court considers further historical evidence necessary to decide formation, Plaintiff requests production limited to the records Smith relied on to connect Plaintiff's May 7, 2024 enrollment to that display and the December 2023 terms: the enrollment and acceptance entry, its associated terms-version identifier, and the historical webform record supporting Exhibit 1, to the extent maintained. ECF No. 52-1 ¶¶ 6–10. Those records could confirm or refute the particular screen and terms attribution on which Experian relies. Plaintiff does not assert that they necessarily contradict Smith or that the absence of an attached click log defeats his testimony.

Only if resolution turns on adoption of the November 2025 revision, Plaintiff also requests the specific notice and delivery or display records relied upon to establish notice of that change and an opportunity to review it before the asserted acceptance. Later access alone does not answer that notice question. Plaintiff does not seek general account-history or FCRA-merits discovery through this alternative request.

The Ninth Circuit recognizes a sufficiently developed conditional request for arbitration-related discovery where material arbitrability facts remain unresolved. Knapke v. PeopleConnect, Inc., 38 F.4th 824 (9th Cir. 2022). That does not establish an automatic entitlement here. If the Court finds this limited discovery necessary, Plaintiff requests that ECF No. 52 be held in abeyance for a short, Court-set period, with permission for brief supplemental submissions afterward. Any discovery shall remain subject to the Court's orders and applicable discovery procedures. If a genuine material formation dispute remains, the prompt trial procedure described in Section VIII applies.

## IV. LATER USE DOES NOT BY ITSELF ESTABLISH ACCEPTANCE OF THE NOVEMBER 2025 REVISION

Experian's numbered facts 13–14 and Smith's paragraphs 10 and 13 separately contend that later use adopted amended terms. The original exhibit is marked revised December 11, 2023; the later exhibit is marked revised November 17, 2025. ECF Nos. 52-3 at 2; 52-4 at 2. A terms revision date is not Plaintiff's enrollment date: Smith places enrollment on May 7, 2024.

Plaintiff recognizes the sign-ins identified in Experian security emails dated March 28, July 23, September 22, and October 7, 2026 as his. He does not recall a specific revised-terms notice or affirmative acceptance during those sign-ins. Orr Decl. ¶¶ 4–5. The motion does not identify a particular notice of the November 2025

change, its method of delivery, or a display presenting that change for review before the asserted acceptance by later use. Smith's description of an amendments clause and subsequent use does not identify that notice.

Stover v. Experian Holdings, Inc., 978 F.3d 1082, 1086–89 (9th Cir. 2020), addressed Experian's change-of-terms mechanism. It held that binding changed terms requires notice of the change and an opportunity to review it; a later website visit alone was insufficient. Plaintiff's continued account relationship and multiple sign-ins differ from the isolated post-cancellation visit in Stover, but the notice requirement remains material. A continuing account cannot make the bare fact of use conclusive proof of changed-terms notice.

This argument has an important limit. Stover enforced the original agreement to which the consumer had assented. Both submitted versions here contain arbitration, expressly include Experian, identify FCRA claims, and delegate arbitrability. ECF No. 52-3 at 8–10; ECF No. 52-4 at 12–15. Accordingly, lack of proof of the 2025 revision alone does not defeat the motion if the original agreement was formed and independently supports the requested relief. The Court should nevertheless reject an unsupported assumption that the later revision governs merely because it was current when Plaintiff sued.

**V. EXPRESS AFFILIATE AND DELEGATION LANGUAGE MUST BE ADDRESSED IN THE AGREEMENT ACTUALLY ESTABLISHED**

**A. Experian's enforcement theory is derivative of formation, not defeated merely by corporate separateness.**

Experian's numbered facts 9–12 and Section III.C concern affiliate status, party definitions, arbitration, and AAA rules. The submitted terms expressly include Experian within ECS's contractual definition, and Smith supplies testimony about the corporate relationship. Plaintiff does not assert that Experian is an unrelated stranger or that affiliation alone is the only evidence offered. If the original agreement was formed, that language provides substantial support for direct enforcement. Bryant, 763 F. Supp. 3d at 951; Driskill, 753 F. Supp. 3d at 846–47.

The Meeks v. Experian Information Services, Inc., 2022 WL 17958634 (9th Cir. Dec. 27, 2022) and Adams v. AT & T Mobility, LLC, 524 F. App'x 322 (9th Cir. 2013) memoranda cited in Experian's introduction are nonprecedential, although citable, under Ninth Circuit Rule 36-3. Their contractual analyses do not prove formation here. Conversely, Ahlstrom's distinct-entity reasoning does not negate a definition that expressly includes Experian. The Court should decide enforcement from the established agreement, rather than presume consent from affiliation or decide the issue using an unproved revision.

**B. Plaintiff specifically challenges formation of the asserted delegation, not merely the merits of the FCRA claims.**

Both exhibits contain express delegation language in addition to AAA

incorporation. ECF No. 52-3 at 9–10; ECF No. 52-4 at 14–15. Plaintiff's original-notice objection applies specifically to formation of the agreement containing that delegation. His revised-notice objection likewise applies to adoption of any delegation terms invoked from the 2025 revision. An arbitrator cannot decide whether the foundational agreement was formed. Ahlstrom, 21 F.4th at 635–36.

Brennan v. Opus Bank, 796 F.3d 1125, 1130–31 (9th Cir. 2015), reserved the effect of rule incorporation outside its sophisticated-party setting. Patrick, 93 F.4th at 480–81, likewise did not resolve the reserved sophistication issue on evidence establishing an unsophisticated consumer. Those reservations qualify Experian's categorical "no matter" sophistication assertion, but do not independently invalidate the express delegation sentence here. If the Court finds a formed agreement and an effective delegation, Henry Schein requires honoring the delegated scope determination.

**C. Statutory reporting duties and contractual service scope should not be collapsed.**

Experian's numbered facts 15–17 and Section III.D emphasize credit information supplied through CreditWorks. Plaintiff's complaint instead alleges inaccurate reporting and deficient reinvestigations following written disputes submitted on or about January 7, 2026, and March 7, 2026. ECF No. 21 at 3, 6. These statutory duties exist independently of buying or maintaining a monitoring service.

Indeed, the original terms distinguish ECS's service reports from the statutory consumer disclosure and state that purchasing an ECS report is unnecessary to dispute information. ECF No. 52-3 at 12. If the Court reaches scope rather than delegates it, that distinction should inform whether the particular pleaded conduct relates to covered services. Plaintiff acknowledges, however, that the arbitration text expressly includes FCRA claims and credit information. The statutory source of his claims is not an automatic arbitration exclusion, and this interpretive point cannot override a valid delegation.

## VI. EXPERIAN'S WAIVER DISCUSSION USES AN OUTDATED STANDARD, BUT THE ANSWER ALONE DOES NOT ESTABLISH WAIVER

Section III.E invokes a special "heavy burden" and absence of prejudice. Those features are no longer governing law. Morgan v. Sundance, Inc., 596 U.S. 411, 415–19 (2022), rejects an arbitration-specific prejudice requirement. Armstrong v. Michaels Stores, Inc., 59 F.4th 1011 (9th Cir. 2023), applies the ordinary burden and requires knowledge of the arbitration right and intentional acts inconsistent with it. The pre-Morgan prejudice analysis in Sovak v. Chugai Pharmaceutical Co., 280 F.3d 1266 (9th Cir. 2002), amended, 289 F.3d 615 (9th Cir. 2002), Homestake, Coleman v. Assurant, Inc., 508 F. Supp. 2d 862 (D. Nev. 2007), and Sage Telecom Communications, LLC v. Iretas Groups, LLC, 2015 WL 13919073 (C.D. Cal. Oct. 23, 2015) cannot supply a present prejudice prerequisite.

Experian did preserve a possible arbitration defense in its answer, stating on information and belief that the claims "may be the subject of an arbitration agreement." ECF No. 46 at 12, Page ID 181. Plaintiff does not contend that filing an answer, denying liability, conducting a meet-and-confer, or discussing settlement automatically relinquished arbitration. Armstrong itself affirmed arbitration where the record did not establish intentional inconsistent conduct. Correcting Experian's legal standard is not, without the necessary conduct evidence, an independent basis for denial.

The submitted terms also expressly address delegation of waiver disputes. This objection to Experian's obsolete legal standard does not determine who ultimately adjudicates a properly supported waiver contention under a formed delegation provision.

## VII. ANY ARBITRATION STAY SHOULD NOT AUTOMATICALLY EXTEND TO THE OTHER DEFENDANTS

Section IV first requests a stay of the Experian claims, then seeks a discretionary stay of the entire action. Those requests are distinct. If the Court orders arbitration of the Experian dispute and a stay is requested, 9 U.S.C. § 3 requires a stay rather than dismissal on that arbitration ground. Smith v. Spizzirri, 601 U.S. 472, 475–78 (2024). Plaintiff requests that protection if arbitration is ordered.

That rule does not automatically stay claims against nonarbitrating defendants. A discretionary stay requires balancing potential harm, hardship, and the effect on the orderly course of justice. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110–12 (9th Cir. 2005). Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979), permits a stay pending potentially helpful arbitration, but requires considering whether those proceedings will conclude within a reasonable time relative to the claims' urgency.

Plaintiff acknowledges overlapping accounts and damages. Nevertheless, the complaint alleges separate reporting and reinvestigation conduct by each CRA, and separate post-CRA-notice investigation conduct by the furnishers. ECF No. 21 at 3–7. An arbitration involving Experian will not necessarily resolve what Equifax, TransUnion, Chase, or Bank of America separately received, investigated, or reported. Plaintiff contends that the debt and associated credit-reporting inaccuracies are a primary reason for his stress, leading to a leave of absence from work. The alleged harms include emotional distress, stress-related medical leave, and lost wages; liability and causation remain to be proved, and these harms are not an arbitration exception. ECF No. 21 at 5.

Bryant recognizes discretionary authority; it does not make an action-wide stay mandatory whenever accounts overlap. Experian identifies no particular arbitration timetable or concrete showing that halting every remaining claim outweighs delay to Plaintiff. The Court should deny the requested action-wide stay, without prejudging other defendants' motions. If a broader stay is imposed, Plaintiff

requests reasonable duration controls and periodic status reporting rather than an unexamined indefinite suspension.

**VIII. REQUESTED DISPOSITION**

Plaintiff respectfully requests that the Court deny ECF No. 52 upon finding that the submitted enrollment display did not provide legally sufficient notice under Berman and Chabolla. Separately, the Court should not deem the November 2025 revision accepted solely from later account use.

Plaintiff does not consent to arbitration and maintains his request that the motion be denied. Alternatively, before entering any order compelling arbitration, Plaintiff requests limited, court-supervised discovery concerning formation of the asserted agreement. This request does not concede that an enforceable arbitration agreement exists.

The alternative discovery request is confined to the material questions and records identified in Section III.D. It seeks a Court-set period and express permission for any supplemental submissions, not unrestricted discovery or an automatic extension of briefing deadlines.

If the Court finds the original arbitration and delegation agreement was formed and independently supports arbitration, Plaintiff requests that any order identify the established agreement, preserve his claims through a stay rather than an

arbitration-based dismissal, and deny the requested action-wide stay absent sufficient discretionary findings.

Only if a genuine dispute of material fact concerning formation is found, Plaintiff alternatively requests a prompt proceeding under 9 U.S.C. § 4, with ECF No. 52 held in abeyance. Hansen v. LMB Mortgage Services, Inc., 1 F.4th 667, 670–72 (9th Cir. 2021). Plaintiff demands a jury trial of any material factual formation issue properly triable under that provision. He does not request such a trial based solely on his lack of recollection.

Dated: November 3, 2026

Respectfully submitted,

James D. Orr

James D. Orr, Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, Plaintiff appearing without counsel, certifies that this brief contains 3302 words, excluding the caption, tables, signature block, and this certificate, and complies with the 7,000-word limitation of Local Rule 11-6.1.

Dated: November 3, 2026

James D. Orr

James D. Orr, Plaintiff, Pro Se