MCGUIREWOODS LLP
KELSEY D. HAINES SBN #327536
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email: khaines@mcguirewoods.com

*Attorneys for Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

James D. Orr,

Plaintiff,

vs.

Experian Information Services, Inc. et al.,

Defendants.

CASE NO. 8:26-cv-01870-DOC-JDE

**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**<u>Hearing</u>**
Date: December 7, 2026
Time: 8:30 a.m.
Courtroom: 10A

## I. INTRODUCTION

Plaintiff James D. Orr's ("Plaintiff") Opposition to Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Count III of the First Amended Complaint (the "Opposition") attempts to complicate a simple issue: Plaintiff's failure to plead facts specific to BANA to support the legal conclusion that BANA's reporting of his BANA credit card account (the "Account") is inaccurate, or that BANA's investigation of his dispute was unreasonable. Plaintiff does not dispute that the Account exists, that it was charged off, or that he owed the obligation. *See* Opposition ("Opp.") at 8. To the contrary, Plaintiff now expressly disclaims the only BANA-specific theory pled in the First Amended Complaint ("FAC")—that BANA's reporting was inaccurate, because Sunrise Credit Services, Inc. ("Sunrise") serviced the Account. *Id.*

What remains now is a generic list of "inaccuracies" that the FAC attributes to "Chase and Bank of America" collectively, a conclusory assertion that BANA "failed to conduct a reasonable investigation," and damages pled against all five Defendants without distinction. Plaintiff's Opposition fails to actually address—much less overcome—the pleading defects and controlling law discussed in BANA's Motion.

As argued more fully in BANA's Motion, and as confirmed by Plaintiff's Opposition, Count III must be dismissed, because: (A) Plaintiff fails to plausibly allege that BANA reported any inaccurate or misleading information, and improperly "lumps" BANA together with the other Defendants; (B) Plaintiff fails to plausibly allege an unreasonable investigation, and the FAC's own allegations confirm that BANA investigated and verified its reporting; and (C) Plaintiff fails to allege willful or negligent conduct, or actual damages caused by BANA. Because Plaintiff's own proffer confirms that amendment would be futile, dismissal should be with prejudice.

/ /

## II. ARGUMENT

### A. Plaintiff Fails to Plausibly Allege That BANA Reported Inaccurate or Misleading Information.

Plaintiff does not dispute that an actual inaccuracy is a threshold element of a claim against a furnisher under 15 U.S.C. § 1681s-2(b). *See* Opp. at 7–8 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). Nor does Plaintiff dispute that the only BANA-specific reporting allegation in the FAC is that BANA "continued to report the item as a charged-off Bank of America debt rather than a collection account" while Sunrise serviced the Account. FAC, Factual Allegations, ¶ D.2.

Rather than defend that theory, the Opposition abandons it. Plaintiff now concedes that he "does not contend that third-party servicing alone establishes a sale, extinguishes the balance, or requires replacement of an original-creditor tradeline with a collection tradeline." Opp. at 8. Plaintiff also concedes that "[a] charge-off does not by itself require a zero balance, and a closed account's delinquency is not automatically false." *Id.*

These concessions are dispositive. BANA accurately reported its own charged-off Account, and the FAC alleges no facts showing that BANA lacked a basis to report it. *See* Mot. at 11. Accuracy is a complete defense, and without a "prima facie showing of inaccurate reporting," Plaintiff cannot maintain his claim against BANA. *Novitzky v. Transunion LLC*, No. 2:23-CV-04229-SPG-MAR, 2024 WL 5424114, at *2 (C.D. Cal. Apr. 11, 2024); *Carvalho*, 629 F.3d at 890.[1]

---

[1] To the extent that the Opposition attempts to lump BANA together with other Defendants in an attempt to tie generic allegations in paragraph A.2 of the FAC to BANA, that attempt fails. *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006) (allegations insufficient where "ascribed to defendants collectively rather than to individual defendants").

Accordingly, for these reasons and those in the Motion, Plaintiff's FCRA claim against BANA fails on this basis alone.

**B. Plaintiff Fails to Plausibly Allege an Unreasonable Investigation.**

As noted in the Motion, the FCRA requires a furnisher to "conduct an investigation with respect to the disputed information" after it receives notice of a dispute from a consumer reporting agency ("CRA"). 15 U.S.C. § 1681s-2(b)(1). Yet the Opposition does not identify a single non-conclusory fact in the FAC regarding what information the CRAs transmitted to BANA, what BANA reviewed, or why its investigation was unreasonable. *See generally* Opp. Plaintiff instead points to Paragraph D.3 and Count III, which alleges only that BANA "failed to conduct a reasonable investigation, failed to correct the reporting errors, and continued to verify the inaccurate tradeline." Opp. at 9; FAC, ¶ D.3; Count III, ¶¶ 2–3. These are the same "bare conclusory allegations" that courts in this District routinely reject. *Somers v. Bank of Am., N.A.*, 2019 WL 4238884, at *3 (C.D. Cal. 2019) (holding that plaintiff's allegations that a furnisher defendant "'failed to lawfully or properly respond to Plaintiff's notice of dispute and demand for validation of [the] alleged debt,' 'failed to adequately conduct an investigation,' and 'failed to report the results of the investigation[']s findings[,]'" were "only bare conclusory allegations") (internal citation omitted); *Yu v. Tesla Energy Operations, Inc.*, No. CV 21-0062 FMO (KSX), 2022 WL 3575314, at *4 (C.D. Cal. Mar. 7, 2022); *Spellacy v. Wells Fargo Bank, N.A.*, No. 820CV02101FLAADSX, 2021 WL 7285997, at *6 (C.D. Cal. Aug. 4, 2021).

Plaintiff's Opposition confirms the gap. Plaintiff concedes that he "does not assume that a January CRA submission described the later January 16 Sunrise email or that every enclosure reached BANA," and that "[t]he relevant notice must concern the actual reporting error at issue." Opp. at 10. Plaintiff further acknowledges that his March 7, 2026 Equifax follow-up "does not expressly set out a new Sunrise-status dispute." Opp. at 15. In other words, Plaintiff cannot say what

dispute the CRAs communicated to BANA—yet the reasonableness of BANA's investigation is measured "in large part" against exactly that information. *See Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1160 (9th Cir. 2009) ("[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency."). Without such allegations, there is no factual basis for the conclusion that BANA's investigation was unreasonable. *See id.*; *see also* Motion at 12.

Moreover, the FAC's own allegations affirmatively undermine Plaintiff's claim. The FAC alleges that Equifax reported that BANA "verified that the current status was being reported correctly." FAC, ¶ E.2. Plaintiff's Opposition goes further, representing that Equifax's CFPB response reports that BANA "supplied information, verified current status and prior paying history, and modified closed date, scheduled payment, additional information, and account history." Opp. at 15. Plaintiff "does not contend that no changes occurred." *Id.*

Thus, far from alleging an unreasonable investigation, Plaintiff affirmatively describes a furnisher that responded to the dispute, reviewed the Account, and updated several fields. *Id.* That Plaintiff disagrees with the outcome does not render the investigation unreasonable. *See Gorman*, 584 F.3d at 1161 ("An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer."); *Banga v. Chevron U.S.A., Inc.*, No. 11-CV-01498-JCS, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7, 2013).

Finally, Plaintiff's argument that *Gorman* and *Gross* were decided on summary-judgment (*see* Opp. at 9-10) and are therefore distinguishable misses the point. BANA does not ask the Court to weigh evidence; it asks the Court to apply the plausibility standard to the facts Plaintiff himself has pled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may plead himself out of court, and Plaintiff has done so here. Thus, for these reasons and those in the Motion, even if Plaintiff

could get past the accuracy threshold—which he cannot—Count III fails as a matter of law on this additional basis.

### C. Plaintiff Fails to Allege Willful or Negligent Conduct, Or Actual Damages Caused By BANA.

Plaintiff's Opposition identifies no fact supporting a willful or negligent violation by BANA. Plaintiff merely observes that Rule 8 permits alternative pleading and concedes that "[r]epeated disputes or continued negative reporting do not automatically establish either mental state." Opp. at 11. BANA agrees. But alternative pleading does not excuse the absence of facts.

As noted in the Motion, to state a claim for a negligent violation of the FCRA, Plaintiff must "show actual damages caused by the conduct constituting a violation of the statute." *Banga*, 2013 WL 71772, at *11; *see also* Motion at 13. Plaintiff's bald and conclusory allegations of harm cannot satisfy this burden, and nothing in the Opposition changes this result.

Plaintiff's damages allegations can be grouped into three categories: (i) credit denials and adverse actions; (ii) emotional distress and related consequences; and (iii) reputational harm and out-of-pocket costs. *See* FAC ¶ F.1(a)–(f). As to the first category, Plaintiff concedes that the BMW Financial Services and Bilt Palladium denials cite a TransUnion report and general factors that "alone do not identify a particular erroneous BANA field." Opp. at 13–14. Thus, Plaintiff admits he does not allege any facts showing that he was actually denied credit or favorable credit terms as a result of BANA's alleged conduct, as opposed to the reporting of the four other Defendants or other derogatory information on his reports. *See* Mot. at 14–15.

As to the second category, although actual damages can include emotional distress, "a plaintiff must support her claim for pain and suffering 'with something more than her own conclusory allegations, such as specific claims of genuine injury.'" *Dewi v. Wells Fargo Bank*, No. CV-12-2891-ABC-SHX, 2012 WL 10423239, at *8 (C.D. Cal. Aug. 8, 2012); s*ee also* Mot. at 15. Plaintiff's

allegations of "anxiety, depression, and mental anguish" and stress-related leave are attributed to "Defendants'" conduct collectively. FAC, ¶ F.1(d)–(e). In the Opposition, Plaintiff does not dispute that the FAC fails to isolate any harm caused by BANA. Instead, he argues that BANA "need not be [the] sole cause" of his injuries. Opp. at 12–13.

But BANA's argument is not that BANA must be the sole cause; it is that the FAC fails to plead that BANA was a cause of any harm. *See* Motion at 15. Plaintiff himself concedes that he "must plausibly connect harm to BANA's own violation (Opp. at 13), but he fails to do so. *See generally* FAC; Opp. Indeed, Plaintiff's own proffer attributes his stress to "the debt and associated credit-reporting inaccuracies" generally—not to any specific failure by BANA. Opp. at 16. Distress arising from an admittedly valid debt is not damage caused by a FCRA violation. *See Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1088–89 (C.D. Cal. 2014) (granting summary judgment on emotional distress damages where plaintiff could not show that the distress was caused by the alleged FCRA violations, as opposed to other events).

As to the third category, the FAC's allegations of "[r]eputational harm, loss of creditworthiness, and significant time and out-of-pocket costs" (FAC ¶ F.1(f)) are likewise pled generically against all Defendants and without factual support. The Opposition does nothing to cure this defect. It merely restates that the FAC alleges "reputational harm and correction expenses," without identifying any reputational injury or expense traceable to BANA's reporting, as opposed to that of the other Defendants. *See* Opp. at 5, 12. And Plaintiff's own proffer concedes that out-of-pocket items such as "treatment expenses and net wage loss" would "requir[e] separate support" that the FAC does not provide. Opp. at 16.

For all these reasons, and for those in the Motion, Plaintiff's FCRA claim against BANA fails as a matter of law, and the Opposition admits as much. *See Banga*, 2013 WL 71772, at *11, *14 (explaining that a plaintiff alleging a negligent

FCRA violation must "show actual damages caused by the conduct constituting a violation of the statute," and granting summary judgment where plaintiff offered no evidence that her claimed credit-monitoring costs were caused by defendants' alleged violations). Because Plaintiff fails to establish a causal link between BANA's reporting of the Account and any alleged damages, Count III fails for this separate reason. *See Grigoryan*, 84 F. Supp. 3d at1077, 1084 (explaining that a negligent FCRA claim requires "actual damages caused by the alleged violations," and granting summary judgment where plaintiff "ha[d] not demonstrated that defendants' alleged violations of the FCRA and CCRAA proximately caused any purported business damages").

**D. Leave to Amend Should be Denied, Because Amendment Would Be Futile.**

In the Opposition, in a final effort to avoid dismissal, Plaintiff alternatively requests leave to amend. *See* Opp. at 17. While leave to amend is generally granted liberally, it may be denied where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment would be futile here, because Plaintiff cannot cure the FAC's defects. Plaintiff identifies no specific field on the BANA tradeline that is inaccurate, and no correct value that BANA should have reported. *See generally* FAC; Opp. Instead, Plaintiff concedes that the proffered January 7 dispute merely "challenges" a list of account fields, and that his proffer "does not establish the correct account values." Opp. at 15–16. And as noted above, Plaintiff concedes that the Sunrise-servicing theory does not establish inaccuracy. *See* Opp. at 8. Further, Plaintiff affirmatively represents that BANA responded to the dispute by verifying certain information and modifying several other fields. *See* Opp. at 15. Finally, Plaintiff concedes that the FAC fails to isolate any harm caused by BANA. *See* Opp. at 12-16.

Those facts do not support a plausible claim; they defeat one. Because

Plaintiff has not identified any facts that, if pled, would state a claim against BANA, amendment would be futile, and the Court should dismiss Count III as to BANA with prejudice. *See Foman*, 371 U.S. at 182.

## III. CONCLUSION

For these reasons and those in the Motion, BANA respectfully requests the Court dismiss the FAC with prejudice.

DATED: November 23, 2026

**MCGUIREWOODS LLP**

/s/ *Kelsey D. Haines*
Kelsey D. Haines. Esq.

*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, I electronically transmitted the foregoing document described as **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court for the Central District of California using the CM/ECF system.

/s/ *Kelsey D. Haines*
Kelsey D. Haines